(106 So. 133)

## UNION CENT. RELIEF ASS'N v. THOMAS.
### (3 Div. 720.)

(Supreme Court of Alabama. Nov. 5, 1925.)

**1. Contracts ⊕═53—Law must give effect to lawful provisions of contract, though improvident on part of one party.**

Law must give effect to lawful provisions of contract, though contract be improvident on part of one of contracting parties.

**2. Insurance ⊕═764—Plaintiff under contract could not recover for disability beginning and continuing within five weeks after she had paid arrear dues, though contract improvident on plaintiff's part.**

Where health insurance policy provided that, if a member was in arrears two weeks, such member forfeited her rights to receive benefits between time of so becoming in arrears and expiration of a term of five weeks from date on which back dues were paid up, plaintiff, whose disability began and continued within less than five weeks after she paid up her arrears was not entitled to benefits.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action on a policy of insurance by Ruth Thomas against the Union Central Relief Association. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326 (Acts 1911, p. 450, § 6). Reversed and remanded.

John S. Tilley, of Montgomery, for appellant.

The language of the policy is unambiguous. The court erred in its judgment for plaintiff. Union Central Relief Ass'n v. Johnson, 198 Ala. 491, 73 So. 816; Wheeler v. Fidelity Co., 129 Ga. 237, 58 S. E. 709; Standard L. I. Co. v. McNulty, 157 F. 225.

O. P. Lee, of Montgomery, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1, 2] Action on a policy of health insurance. The policy contained this stipulation, which was pleaded in defense:

"If a member owe more than two weekly payments, such member shall thereby forfeit his or her right to receive benefits for sickness or disability occurring or continuing between the date of becoming so in arrears and the expiration of a term of five weeks from the date when all back dues are paid up."

Plaintiff pleaded by way of replication, and the facts in evidence were in agreement with the allegations of the replication:

"It is true that on December 8, 1923, the plaintiff owed more than two weekly payments on said policy, and that thereafter plaintiff was in arrears until February 23, 1924. Plaintiff avers that on February 23, 1924, she paid up all back dues, and that thereafter her dues were paid as follows: The payment due February 25, 1924, was paid on March 1, 1924; the payment due March 3, 1924, was paid on March 8, 1924; the payment due March 10, 1924, was paid on March 17, 1924. The plaintiff avers that on the date on which plaintiff became ill, March 13, 1924, the plaintiff owed only the payment due March 10, 1924, which, according to the custom of the defendant, could be paid at any time during the week beginning March 10, 1924. The plaintiff avers that on said March 13, 1924, she was not in arrears, and that by the terms of said policy she is entitled to recover the amount sued for in this action, and so claims $15 of the defendant."

The policy provided that:

"No sick or accident benefits will be paid for less than seven consecutive days."

Construing this replication as meaning that from December 8, 1923, until February 23, 1924, plaintiff was continuously in arrears to the amount of the payments due for two weeks or more—for such was the proof—it appears that plaintiff's disability began and continued during a time less than five weeks after she had paid up her dues in arrear, and that by the plain terms of the contract, which needs no explication outside of its terms, she was not entitled to benefits.

We do not understand why parties in their right mind should enter into such contracts; but these parties did, the court has no authority to make a contract for them, and the contract, lawful in its provisions though it may be considered improvident on the part of plaintiff, must be given effect, if at all, according to its plain and inescapable meaning. It seems to be supposed that the judgment in the trial court was controlled by the decision in Union Central Relief Ass'n v. Johnson, 198 Ala. 488, 73 So. 816. But, as we read that case, the contract there, which was the same as the contract here, was interpreted according to its plain terms and in agreement with what has been here said.

It results that the judgment was affected by error and must be reversed. The cause will be remanded for proceedings in accord with the view here expressed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.