(133 So. 44)

## OATES v. LEE.

### 6 Div. 849.

Supreme Court of Alabama.
March 19, 1931.

Vassar L. Allen, of Birmingham, for appellant.

William Vaughan, of Birmingham, for appellee.

GARDNER, J.

Plaintiff was an automobile salesman in the employ of defendant on a commission basis, and on October 4, 1929, sold to one Dyer an automobile, receiving the initial cash payment and written contract of the purchaser, each of which was delivered to and accepted by defendant. The car was delivered October 15th thereafter, and the balance of the purchase price paid. The transaction was so closed by defendant on that date, and the suit is for $42 claimed by plaintiff as his commission on this sale.

The foregoing makes out a very plain case for recovery. But other considerations intervene that lead to a contrary result. Upon entering the service of defendant, plaintiff executed a contract, the pertinent parts of which are embraced in the following paragraphs:

"1. That the said J. F. Oates is and shall be at liberty to discharge us, and each of us, at any time, with or without cause and with or without notice, and with no salary or wages beyond the date of discharge.

"2. That we and each of us shall be at liberty and free to resign from employment of the said J. F. Oates, with or without notice, and shall be entitled to salary or wages to the date when we leave his employment.

"3. That in the event any employee is employed upon a commission basis, then in the event that he shall resign or be discharged, he shall not be entitled to any commission or compensation for or upon orders or sales not completed and full deliveries made."

On Monday, October the 14th, plaintiff was discharged. There had been no completed sale and no delivery of the car. Under the very terms of the written contract, if plaintiff was discharged, he was not to be "entitled to any commission or compensation for or upon orders or sales not completed and full deliveries made." It is not the province of the court to make contracts for the parties, but its duty is confined to the interpretation of the one which they have made for themselves without regard to its wisdom or folly. As said by this court in Union Cent. Relief Ass'n v. Thomas, 213 Ala. 666, 106 So. 133, 134: "We do not understand why parties in their right mind should enter into such contracts; but these parties did, the court has no authority to make a contract for them, and the contract, lawful in its provisions though it may be considered improvident on the part of plaintiff, must be given effect, if at all, according to its plain and inescapable meaning." And Union Central Relief Ass'n v. Johnson, 198 Ala. 491, 73 So. 816, 817: "Where the language is unambiguous, and but one reasonable construction of the contract is possible, the court must expound it as it is made by the parties." Like expressions are found stated in the authorities generally. 13 Corpus Juris, 525 and 541–542.

It is argued that the enforcement of such a provision is harsh and unconscionable, and that such results are to be avoided. But the authorities relied upon by plaintiff relate to contracts that are ambiguous and call for interpretation by the courts, and it is well recognized that, if a contract is susceptible of two constructions, unconscionable results are to be avoided, and that the irrational and unreasonable was not the contractual intent. Birmingham Water Works v. Windham, 190 Ala. 634, 67 So. 424; Lowery v. May, 213 Ala. 66, 104 So. 5; Patterson v. A. C. L. R. R. Co., 202 Ala. 583, 81 So. 85.

We may properly confess a decided sympathetic leaning to plaintiff's cause, for, as appears from the facts here presented, the enforcement of the letter of the contract results in a hardship entirely out of harmony with our sense of fair play, for it is clear defendant received the full benefits of plaintiff's labor. True the amount is small, but "the laborer is worthy of his hire." However, the contract is lawful, and the parties fully capable of contracting with no pretense there was any fraud or misrepresentations in its execution. Its language is plain and unambiguous. There is nothing for the court to construe. Under such circumstances the contract is to be enforced, however onerous it may be. 13 Corpus Juris, 542.

But it is suggested that the discharge was in bad faith, and for the purpose only of denying plaintiff his commissions (39 Corpus Juris, 73–75), and, therefore, not sufficient to defeat a recovery. We need enter into no consideration of the principle of law involved in this insistence under the terms of this contract, for conceding, without deciding, the correctness of plaintiff's position in this regard, the result must be the same. This for the simple reason that any conclusion to such effect would be rested upon the merest conjecture, without evidence in support thereof.

The cause was tried before the court without a jury upon an agreed statement of facts, which disclosed that plaintiff had a few days before his discharge violated defendant's rule against any employee drinking while on duty, as to which he was duly warned by the manager, and on the occasion of his discharge had violated another rule requiring registration of all cars taken out in making sales and their return by the close of business that day. Plaintiff had taken out a car in an effort to make a sale on Saturday, October 12th, and did not return it until the Monday following. The facts agreed upon stating: "That on Monday morning, plaintiff reported for duty and brought back the car, when he was called to defendant's office and discharged by the manager for having the car out without registration on the preceding Saturday."

True, plaintiff states he made explanation that he was engaged the entire day Saturday with prospective buyers and unable to get back in time before closing, but nothing to indicate that the explanation was satisfactory. It therefore appears that plaintiff's insistence in this respect, is unsupported by the proof, but rather the contrary, in that the facts disclose a discharge for violation of the rule against keeping a "car out without registration."

The agreed statement of facts embracing also the essential terms of the contract has been read and considered by the court in consultation, and the conclusion reached that plaintiff was not, under his contract, entitled to recover, and that judgment should have been entered for defendant.

The judgment will accordingly be here reversed and one rendered in favor of defendant.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.