133 So.2d 869

James K. TAYLOR

v.

Robert G. RILEY.

8 Div. 59.

Supreme Court of Alabama.

Sept. 21, 1961.

Rehearing Denied Nov. 16, 1961.

Bell, Morring, Richardson & Cleary, Huntsville, for appellant.

Hamm & Hamm and Griffin & Griffin, Huntsville, for appellee.

STAKELY, Justice.

Robert G. Riley (appellee) was employed by James K. Taylor, doing business as James K. Taylor Agency (appellant), who was a real estate broker as a salesman of real estate under a written agreement dated January 17, 1957. We shall hereafter refer to these parties as plaintiff and defendant. The employment continued until terminated by plaintiff on or about December 15, 1957. After termination of employment the plaintiff claimed of the defendant unpaid commissions allegedly due to plaintiff upon the sales and listings of certain parcels of real estate. The defendant denied these claims, contending that

the contract of employment provided that no commissions should be paid following its termination. The provision in the contract of employment relied upon by the defendant is as follows:

"This contract, and the association created hereby, may be terminated by either party hereto, at any time upon notice given to the other; the broker shall not be liable to the salesman for any commission earned on sales consummated following termination of this contract. It being the intention and meaning of the parties to this instrument that the broker will be under no further liability to the salesman for any compensation by means of sales commission or otherwise following the termination of this contract. It is further understood and agreed the salesman shall not enter into a competitive business in Madison County, Alabama, for two years following termination of this contract."

The plaintiff upon denial of liability brought suit for the commissions claimed in the Circuit Court of Madison County where the case was tried before the court without a jury. Trial resulted in a judgment in favor of the plaintiff. A motion for a new trial was denied. This appeal followed.

There were conflicts in the evidence but salient facts in the evidence may be summarized as follows. The plaintiff (appellee) was employed by the defendant (appellant) as a real estate salesman under written contract dated January 17, 1957. Plaintiff continued in this employment until about December 12 to December 15, 1957 when the plaintiff terminated the contract in order to accept employment with another real estate firm. During his employment the defendant advanced plaintiff on a drawing account pursuant to the contract a total of $2,400. There was testimony offered by the plaintiff tending to show that during his employment he negotiated sales and procured the execution of sales agreements between certain parties for certain specified amounts. We

see no need to set out these particular sales agreements or the amounts involved in each of these sales agreements. There was testimony also tending to show that the plaintiff obtained listings of property in certain particular instances at certain particular prices. We see no need to set out the particular listing of these properties.

The defendant admitted that the plaintiff earned commissions on certain particular sales. We see no need to set out these particular sales and the amounts involved in each sale.

There was testimony introduced by the defendant that certain sales were consummated by conveyance of title and payment of the purchase money after plaintiff's termination of his employment. We shall not set out the particular sales and the respective amounts thereof in this category.

I. We think it can be said that the defendant's principal defense to this action is based upon clause 7 of the original contract which we have hereinabove set forth. It will be noted that clause 7 contains two sentences. The first sentence provides that the broker (defendant) shall not be liable to the salesman (plaintiff) for any commissions earned on sales *consummated* (emphasis supplied) following termination of this contract. The second sentence amplifies the first sentence and provides that the broker will be under no further liability to the salesman for any compensation by means of sales, commission or otherwise following the termination of this contract.

It is earnestly insisted by the appellant that paragraph 7 of the contract is unambiguous and is controlled by the decision of this court in Oates v. Lee, 222 Ala. 506, 133 So. 44. It is true that the parties to a contract may prescribe the conditions under which they shall be bound thereby and the words so employed will be given their ordinary and accepted meaning. Oates v. Lee, supra; Citizens' Bank of Guntersville v. Pearson, 217 Ala. 391, 116 So. 350. Ordinarily the word consummate is defined as "to bring to completion, to finish, to

achieve." Webster's New International Dictionary, 2nd Edition, Unabridged, 1960.

It is earnestly argued by the appellant that a sale of real estate is not consummated until the title thereto is conveyed and the purchase money therefor paid. It is further argued that there is ordinarily a great deal of work to be done on the part of the salesman after the contract of sale between seller and purchaser is executed before title and the purchase money pass.

We do not consider that Oates v. Lee, supra, is controlling in this case. The contract in that case provided that the salesman "shall not be entitled to any commission or compensation for or upon orders or sales not completed and full deliveries made." [222 Ala. 506, 133 So. 45.] In that case the contract was terminated by the employer after negotiation of a sale of an automobile by the salesman, execution of the contract with the purchaser and receipt of an initial cash payment thereunder but before delivery of the automobile and payment of the balance of the purchase price. We do not consider that in order for the plaintiff in this case to receive a commission it is necessary for title to pass and the purchase money be paid. This court has held that when a broker has brought the minds of the buyer and seller to an agreement on the terms of sale and the buyer is able, ready and willing to buy this is a constructive consummation of the sale so far as the broker is concerned. Sayre v. Wilson, 86 Ala. 152, 5 So. 157; Eldorado Coal Co. v. Rust & Shelburne, 202 Ala. 625, 81 So. 567. In Handley v. Shaffer, 177 Ala. 636, 59 So. 286, this court held that it is not necessary that the broker should himself have conducted all the negotiations culminating in the sale of the property, it is enough if he set in motion the machinery by which the work is done. Bailey v. Padgett, 195 Ala. 203, 70 So. 637.

The contract in the instant case was prepared by the defendant and accordingly it should be most strictly construed against him. Minge v. Green, 176 Ala. 343, 58 So. 381.

We point out that in all the commissions claimed by the plaintiff it is undisputed that a contract of sale was entered into while the plaintiff was in the employ of the defendant and that on all such sales or listings title subsequently passed and a commission was eventually collected by the defendant. The court in its final judgment made the following statement:

"This court is of the opinion that the plaintiff performed as required of him under the contract in every instance where he claims a commission in this cause, with the exception of the sale by Eckstein & Sims to Thomas D. Griggs. Further the defendant received the direct benefit of the plaintiff's performance in each of these instances."

Furthermore the construction put on the contract by the parties is important in construing a contract, which is ambiguous. Birmingham Water Works Co. v. Windham, 190 Ala. 634, 67 So. 424; Brooks v. Bank of Wetumpka, 210 Ala. 689, 98 So. 907. While there was conflict in the evidence tendencies of the evidence show that at no time during the course of plaintiff's employment was there ever any suggestion that the plaintiff had not earned his commissions when the sellers and buyers had been brought together and a contract for sale had been entered into. Any controversy in this respect was resolved in favor of the plaintiff since the case was tried orally before the court and the court's findings of fact in such a situation will not be disturbed unless plainly erroneous. Hampton v. Stewart, 240 Ala. 2, 194 So. 509.

It seems to us that if the defendant had intended that the word consummate should be given the meaning upon which he insists it would have been a simple matter to have the contract read "The broker shall not be liable to the salesman for any commissions earned on sales where title passes or loans are closed following termination of this contract." Under the contract in the instant case the word consummate is ambiguous in its context and therefore open to interpretation by the court.

In its final judgment the court found that the plaintiff made sales of real estate under the contract in the amount of $210,600 for which the plaintiff was due commissions in the total amount of $2,942. The court further found that the plaintiff procured listings in the total amount of $88,750 for which the plaintiff was due commissions in the total amount of $981.87. The court found that interest was due thereon in the amount of $137.14. From these total amounts the court then deducted the amount of $2,400 for advances made by the defendant to the plaintiff on commissions with the result that the defendant was indebted to the plaintiff in the sum of $1,661.01.

II. It is insisted by the appellant that the court was in error in permitting an amendment of the plaintiff's complaint adding new items upon which recovery is claimed after all of the evidence had been introduced and further that the court was in error in denying to the defendant leave to answer the new matters so raised in pleas 8, 9 and 10 sought to be filed by the defendant. We have found no error in either of these rulings. The plaintiff's original complaint used the term sales only but enumerated transactions upon which plaintiff claimed commissions on both sales and listings. On the trial the plaintiff introduced evidence concerning commissions due on listings and the defendant defended in each instance by cross-examination and direct testimony by the defendant and defendant's witnesses. At no point during the trial did the defendant object to the introduction of evidence concerning listings. These rulings were within the discretion of the court and we are unable to see where any injustice was done the defendant. Unless the plaintiff had been allowed to amend his complaint to conform to the proof error would have been committed. This court has held that the allowance of any amendment to a complaint after the conclusion of argument is within the sound discretion of the trial court. Sovereign Camp, W. O. W. v. Dennis, 17 Ala.App. 642, 87 So. 616; Section 239, Title 7, Code of 1940. The right of the plaintiff to amend his complaint has been held to be liberally indulged. Van Landingham v. Alabama Great Southern R. Co., 243 Ala. 31, 8 So.2d 266; Birmingham Gas Co. v. Sanford et ux., 226 Ala. 129, 145 So. 485. It has also been held by this court that after conclusion of the evidence and argument the plaintiff shall have the right to amend his cause of action to conform to proof to the end that if his evidence shows a legal right, the court may give him legal redress. King v. Gray, 189 Ala. 686, 66 So. 643; Hanchey v. Brunson, 181 Ala. 453, 61 So. 258.

With reference to the refusal of the court to allow the defendant to file new and additional pleas this is a matter which was within the discretion of the trial court and is not revisable on appeal. Sovereign Camp, W. O. W. v. Dennis, supra; Louisville & Nashville R. Co. v. Winn, 166 Ala. 413, 51 So. 976. Roden et al. v. Capehart, 195 Ala. 29, 70 So. 756. An examination of plea 8 shows that it is nothing more than a restatement of certain defensive matters concerning individual listings which had been previously introduced in evidence on the trial at considerable length by the defendant. Since these matters had in fact been introduced and were admissible under the plea of the "general issue with leave to put in evidence any matter which would be admissible, if well pleaded," it seems to us that there was no error in the ruling of the court as to plea 8. Pleas 9 and 10 presented alleged claims by way of recoupment for additional alleged breaches of the contract by the plaintiff. We shall not hold the court in error for refusing these pleas coming at so late a time in the trial. As pointed out the refusal to allow pleas 9 and 10 was within the unrevisable discretion of the court.

Upon consideration of the entire cause we conclude that the judgment of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.