LEO J. DIANA *v.* BURNSIDE MOTORS, INC.

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE No. CV 16-672-5808

Argued December 5, 1972—decided January 26, 1973.

*Armand A. Korzenik,* of Hartford, for the appellant (defendant).

*George S. Linardos,* of Hartford, for the appellee (plaintiff).

O'BRIEN, J.  In this action, returnable to the Circuit Court on January 23, 1967, the plaintiff, a former salesman of the defendant, sought damages from the latter for commissions allegedly due on sales orders taken by him prior to the date of the termination of his services with the defendant. There is little dispute between the parties regarding the underlying facts.  The plaintiff was a car salesman for the defendant in 1966 for approximately six to eight months.  He had received compensation for his services in the form of a draw against commissions and was paid commissions on sales made by him.  Prior to the termination of his services with the defendant, the plaintiff had taken orders for the sale of ten cars.  Delivery of the cars in question was effectuated by the defendant through its sales manager or other sales employees following the date of the termination of the plaintiff's services, which was November 5, 1966.  It was stipulated that the maximum amount of commissions to which the plaintiff was entitled was $575.  These sales orders were taken subsequent to May 28, 1966, but prior to November 5, 1966.  On May 28, 1966, on the insistence of the defendant, the plaintiff signed a document, plaintiff's exhibit A, entitled "Salesman's General Conditions of Employment."  This document provided, in part:  "Salesman further understands and agrees that no commission shall be deemed to be earned unless Salesman actually accomplishes the completion and physical delivery of the sale to the

customer while in the employ of the company. No Commission shall be deemed to be earned by the receipt of an order for a prospective customer." The document also sets forth the work week schedule and contains provision for the use of a demonstrator vehicle by the salesman, clauses pertaining to commissions and draws against commissions, and references to an attached schedule of commissions which "may from time to time be changed at the discretion of the Employer."

The defendant has assigned as error the action of the trial court in permitting the plaintiff to amend his complaint to increase the ad damnum clause above the jurisdictional limits[1] of the small claims division following the transfer of the case, on motion by the defendant, to the regular docket. This assignment, however, was abandoned by the defendant in argument before this court, and therefore need not be considered by us.

The next assignment of error pertains to the failure of the court to find certain facts alleged to have been admitted and undisputed. "A fact, however, is not admitted or undisputed merely because it is uncontradicted. . . . In the instant case, there was no failure on the part of the trial court to include any paragraphs of the draft finding which were admitted or undisputed, as set forth under our rule in cases such as *Brown* v. *Connecticut Light & Power Co.*, 145 Conn. 290, 293 . . . ." *Solari* v. *Seperak*, 154 Conn. 179, 182; *Walker* v. *Jankura*, 162 Conn. 482, 484.

---

[1] Section 51-15 of the General Statutes in effect at the time of the institution of this action provided for small claims jurisdiction limited to "all actions, except actions for libel and slander, claiming money damages not in excess of two hundred fifty dollars." It was amended by Public Acts 1971, No. 870 § 4, effective September 1, 1971, to increase the jurisdictional limits of the small claims court to $750. Judgment was rendered by the trial court on November 8, 1971.

The third assignment of errors concerns the failure of the court to strike seven paragraphs of its finding for the reason that they were found without evidence and without basis in the facts and could not reasonably be inferred or concluded but rather each was mere speculation. The first three paragraphs sought to be stricken relate to the question of the jurisdiction of the Circuit Court on a case transferred from its small claims division. Inasmuch as that claim has been withdrawn, as set forth above, we need not consider the propriety of the inclusion of the facts relative thereto. The four remaining paragraphs pertain to the conclusion reached by the court that the plaintiff was entitled to a commission on the sales where delivery was completed following the termination of his services, notwithstanding the provisions of plaintiff's exhibit A, set forth above.

It is the contention of the defendant that where contractual obligations of this nature, entered into by the parties without fraud or misrepresentation, are unambiguous, they will be enforced by the courts, even though harsh. 56 C.J.S., Master and Servant, § 90p. In support of this proposition the defendant quotes *Oates* v. *Lee*, 222 Ala. 506. There an employee sued his employer for a commission on a sale of a car which was delivered one day after the employee left the employ of his employer. The contract of employment provided that "in the event any employee is employed upon a commission basis, then in the event that he shall resign or be discharged, he shall not be entitled to any commission or compensation for or upon orders or sales not completed and full deliveries made." The court, in reversing a lower court judgment in favor of the employee, stated (p. 507): "It is not the province of the court to make contracts for the parties, but its duty is confined to the interpretation of the one

which they have made for themselves without regard to its wisdom or folly." The court enforced the contract, onerous though it might have been, against the employee.

The ruling in *Oates* v. *Lee,* supra, was held not binding in a subsequent case, *Taylor* v. *Riley,* 272 Ala. 690, 693, which found an ambiguity in a provision of the contract which stated that "the broker shall not be liable to the salesman for any commission earned on sales consummated following termination of this contract." Taylor held that it was the intention of the parties that the salesman was to be entitled to commissions on contracts for sales entered into at his instance even though title was not closed until after he had left the employment of the broker. Another court also noted that the ruling in *Oates* v. *Lee,* supra, was an "extreme illustration" of the principle that where language is plain and unambiguous there is no room for interpretation, as it is not the province of the courts to make contracts for the parties. *Williams* v. *Johns-Carroll Lumber Co.,* 238 Ala. 536, 539. Concerning an employee's or broker's right to commission on sales consummated after termination of employment, see 27 A.L.R.2d 1348.

The instant contract does not affirmatively spell out that the salesman shall not be entitled to any commission upon the termination of his employment, as it might have done. If the defendant had desired such a result, it would have been a simple matter to provide for such a contingency in clear and unambiguous language. The two sentences of the agreement, quoted above, when read together, lead to the conclusion that the important factor considered was the completion of the sale by the delivery of the car before a commission was earned and that no commission shall be deemed to be earned by the receipt of an order from a prospective cus-

tomer. When an ambiguity exists in a contract, it will be strictly construed against the party who drew the contract. If a contract is so drawn as to leave room for two constructions, the words used should be interpreted most strongly against the party who drew it. *Ciarleglio* v. *Benedict & Co.,* 127 Conn. 291, 293; *Lyman* v. *Stevens,* 123 Conn. 591, 596. Language is construed most strongly against the party whose language it is and for who'se benefit it was inserted. *Beach* v. *Beach,* 141 Conn. 583, 593.

The conclusion of the trial court that the salesman had substantially completed all of his obligation under the contract, even though the physical delivery of the cars was completed following his termination of employment, cannot therefore be disturbed.

In view of the holding of the court on this issue, it becomes unnecessary to consider the last assignment of error.

There is no error.

In this opinion MISSAL and SPONZO, Js., concurred.