CRAWLEY, Judge,
dissenting.
I conclude that Life of Georgia had no duty, as a matter of law, to provide MIS any further notice than that which was required in their contract; therefore, I conclude that the trial court properly entered summary judgment for Life of Georgia on MIS’s fraudulent-suppression claim.
The question whether a duty to disclose exists is a question of law. State Farm Fire & Cas. Co. v. Owen, 729 So.2d 834 (Ala.1998). Our supreme court has stated:
“This Court has consistently held that where both parties to a transaction are *744 knowledgeable, are capable of protecting their own interests, and are dealing at arm’s length, no duty to disclose particular information exists unless the information is actually requested. Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238 (Ala.1992); Norman v. Amoco Oil Co., 558 So.2d 903 (Ala.1990); Duke v. Jones, 514 So.2d 981 (Ala.1987); Trio Broadcasters, Inc. v. Ward, 495 So.2d 621 (Ala.1986); Bank of Red Bay v. King, 482 So.2d 274 (Ala.1985).”
Gewin v. TCF Asset Management Corp., 668 So.2d 523, 528 (Ala.1995) (holding that vendor had no duty to disclose to purchasers who were experienced in commercial real-estate transactions that the vendor was involved in litigation with the purchasers’ mortgagee).
The majority holds that evidence of normal standards of the insurance industry creates a factual issue as to whether a duty exists on the part of Life of Georgia to disclose its decision to cease underwriting the CHAMPUS policies. However, MIS presented evidence indicating that the contract terms providing for termination of the agreement were below the industry standard. Apparently, MIS agreed to enter into a contract that turned out to be disadvantageous for it. Union Cent. Relief Ass’n v. Thomas, 213 Ala. 666, 106 So. 133 (1925) (upholding contract terms despite a party’s lack of wisdom in agreeing to such unfavorable terms). MIS’s poor judgment did not impose on Life of Georgia a duty to disclose. The trial court properly entered the summary judgment for Life of Georgia; therefore, I dissent.
THOMPSON, J., concurs.