Willie Lee Brown, a teacher with continuing service status in the Jefferson County School system appeals from a denial of writ of mandamus to the Alabama State Tenure Commission by the circuit court of Jefferson County. We reverse and direct that the writ of mandamus be issued.
Before discussion of the basic issue of the appeal, we note that the Board of Education argues in its brief that it is *Page 57 
entitled to relief requested by it in an action which was consolidated below for trial with the petition for writ of mandamus. Without reference to the merits of that matter, we note that no appeal was taken by the Board from the judgment. There can be no review here. Mutual Sav. Life Ins. Co. v.Montgomery, 347 So.2d 1327 (Ala. 1977), 11 A.B.R. 1691 (1977).
We note that Mr. Brown presents as an issue here the failure of the Board to provide a reporter or competent stenographer to take and transcribe the hearing by the Board of Education resulting in his dismissal. We find no reference to that issue in the petition for mandamus presented below. It is therefore not an issue on this appeal. McDuffie v. Hooper, 294 Ala. 293,315 So.2d 573 (1975).
The only issue properly before us is whether exact compliance with the notice provisions of Title 52, § 359, Code of Alabama (1940) (Recomp. 1958) is required before a subsequent cancellation by the Board of Education may be sustained.
The provisions of § 359 which Brown submits were not followed are as follows:
 "The employing board of education shall give notice in writing to the teacher stating in detail the reasons for the proposed cancellation and naming the exact time and place at which the teacher may appear before the board to answer said notice, which date shall not be less than twenty nor more than thirty days after the service of such notice to the teacher by United States registered mail with postage prepaid thereon, to said teacher's last known address, such notice shall also inform the teacher that in order to contest said cancellation the teacher must file with the board at least five days prior to the date the matter is set for hearing notice of an intention to contest."
It is correctly stated by Mr. Brown that the exact provisions of § 359 were not followed by the Board of Education. The following is a summary of events out of which this appeal arose.
The letter which initially began the proceedings against Mr. Brown was dated March 26, 1975. It was from the first assistant superintendent suspending Brown from all duties as a teacher, charging him with acts which caused the suspension and informing him that he could request a hearing before the first assistant superintendent according to grievance procedures established by the Board of Education of Jefferson County. Brown requested a hearing and by registered letter of April 2, 1975, he was informed that the hearing would be held before the Board of Education on April 10 at 8:30 A.M. He was advised of his rights at the hearing and reminded that the letter of March 26 specified the charges. For some reason the hearing of April 10 was not held, but a meeting occurred on May 8, 1975 at which Mr. Brown and counsel met with the Board.
At the meeting of May 8, there was given to counsel for Brown a packet of information documenting the charges originally made by the letter of March 26. Counsel complained of lack of opportunity to examine the contents of the packet. After consultation, the Board continued the hearing to a later time to be agreed upon.
The hearing was subsequently held on June 26, 1975. There was preliminary discussion between counsel. Counsel for Brown inquired if the letter of March 26 constituted the notice to Brown required by § 359. The response was that it did in part and was supplemented by the documentation delivered to Brown personally on May 8 and by the notice given at the previous continued hearing. Counsel for Brown stated that he had been given full notice of the charges, understood them and had been given opportunity to prepare to defend. However, he insisted that the charges and documentation had not been sent by registered mail. After extensive testimony at continued hearings, the Board on August 28, 1975 voted to cancel the contract of Mr. Brown. Brown appealed to the Teacher Tenure Commission. The Commission reversed the action of the Board for failure of the Board to send up the complete record of the proceedings before it. *Page 58 
Immediately after the action of the Commission, the superintendent sent Mr. Brown by registered mail, with a copy to his attorney, notice of suspension and another hearing by the Board of the original charges. The letter was dated October 22, 1975 and the hearing before the Board was to be October 30. That date was later changed to November 20 by letter to counsel for Brown. The hearing was held on November 20, 1975 with each of the witnesses for the Board stating on oath that their testimony as transcribed from the first hearing was true and correct. They were present and available for cross-examination. Additional testimony and exhibits were introduced and the Board again cancelled the contract of Mr. Brown as of March 26, 1975.
Brown again appealed to the Tenure Commission. On January 7, 1976, the Commission sustained the action of the Board, finding that the Board had sufficiently complied with Title 52, § 359.
Responding now to the issue presented, we do not hold that the exact provisions of § 359 as to the manner and form of notice of the proposed cancellation have to be followed. It is evident that the purpose of prescribing a particular manner of giving notice with the provision of time for setting a hearing is to ensure due process. That is, notice of the specific charges brought together with adequate opportunity for preparation for a hearing. We do hold that there must be, in fact, notice of specific charges, and opportunity for hearing not less than that provided by § 359.
In this case, though the letter of March 26, 1975 was not in compliance with § 359 in more than one respect, it did begin the events which ultimately culminated in the hearings. Even Mr. Brown admits that he was given notice of charges by letter and by personal service and that thereafter he had full opportunity to prepare a defense and be heard on those charges. We believe that is all that is necessary so far as form is concerned.
The other contention of Mr. Brown relates to substance rather than form.
Section 359 requires that "the employing board of education shall give notice in writing to the teacher [of] the proposed cancellation. . . ." Counsel for Mr. Brown from the first hearing through the last very carefully but conspicuously, brought out that there was no action taken by the Board of Education of Jefferson County proposing cancellation of the contract of Brown. He even subpoenaed the minutes of the Board to show the absence of any consideration of action against Brown by the Board. To argue that the Board ratified the act of the first assistant superintendent, fails to meet the statutory requirement. The requirement of pre-notice exercise of its authority by the Board is clear. The intent of the legislature is made evident when it is known that prior to Act 773, Acts of Alabama 1953, § 357 stated:
 "[B]efore the consideration by the employing board of education, of the cancellation of any such contract, such teacher shall be notified in writing. . . ." Act 690, Acts of Alabama 1951, pages 1191-92.
As previously quoted, § 359 now requires notice be given by the employing board of the proposed cancellation. The cancellation of a teacher's contract is the sole prerogative of the employing board of education. It may be said it is the superintendent who proposes cancellation. That is probably the usual case. However, the board does not have to accept the proposal. Only the board may determine that cause exists for cancellation and that notice to the teacher shall be given and a hearing thereon held. Such consideration and determination should be recorded in the minutes of the board.
To say that the Board in this case did hold a hearing and determine cancellation via the first hearing does not satisfy the requirement of subsequent consideration, decision and notice of the second hearing. It was admitted that the superintendent, Dr. Hall, immediately notified Brown of the second hearing without any consultation with the Board. He even set the time, place, date and the format for the hearing. This appears presumptuous to say the least. *Page 59 
It was said in Board of Educ. of Marshall County v. Baugh,240 Ala. 391, 395, 199 So. 822, 825 (1941) as follows:
 "The authorities are to the effect that an act done in behalf of another without authority is by positive law or public policy declared to be illegal and void. Such act is not subject to ratification."
We recognize that the school systems are largely run by superintendents and administrative personnel and boards of education usually follow their recommendations. However, the legislature has placed certain non-delegable duties and responsibilities upon the boards. It did so when it began § 359 with the following explicit direction:
 "An employment contract with a teacher on continuing service status may be cancelled only in the following manner". (Our emphasis.)
It was said in Whittington v. Barbour County Bd. of Educ.,250 Ala. 692, 36 So.2d 83 (1948) that the provisions of § 359 are mandatory and jurisdictional. It is there indicated that waiver is not possible. However, there is no evidence of waiver in this case. Counsel objected to the hearing on the ground of improper notice and absence of action by the Board in initiating the proceedings at every step. To say that there was a fair hearing and observance of due process is not enough. To say that the charges were fully supported by the evidence is not enough. To say that to require the statute be followed is a mere technicality is not enough. The statute is the law. Neither the superintendent, the Jefferson County Board of Education nor this court may change that law. The statute has been the law for many years. Its requirements are very simple and easy to follow. The Board of Education, its counsel and superintendent should have been fully cognizant of it. Had they complied with it this court would not be required to reverse the judgment of the circuit court, and direct it to reverse the judgment of the Tenure Commission and direct the Tenure Commission to reverse the judgment of the Board of Education for failure to comply with § 359.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.