This is a teacher tenure case.
Norman Alexander, a teacher with continuing service status as an employee of the Mobile County School System, filed an appeal with the State Tenure Commission under Section 16-24-37, Code of Alabama (1975) after denial of a hearing by the Board of School Commissioners.
After consideration of the petition of Mr. Alexander and answer by the Mobile Board of School Commissioners, together with briefs of counsel and oral argument, the Tenure Commission found Mr. Alexander had resigned from his employment and the Board did not unlawfully deny him a hearing. Mandamus to circuit court was denied and Alexander appealed to this court.
Section 16-24-37, Code of Alabama (1975) provides for a direct appeal to the Tenure Commission when a hearing has been denied by the local board of education as required by Section 16-24-6 or 16-24-9. In summary, the statute says: The teacher shall state facts as to whether the board of education has complied with the law. The Board may answer and deny the facts set out by the teacher. The Commission shall review the teacher's request and the Board's answer or denial and shall determine, with or without hearing, whether the provisions of Section 16-24-6 or 16-24-9 have been complied with. Based upon its findings the Commission shall (1) order a hearing before the local Board; (2) rescind the action of the Board; (3) sustain the action of the Board. Action taken shall be final to the same extent as any other action of the Commission provided by statute.
The Tenure Commission heard no testimony of witnesses, but the petition of Alexander, the answer of the Board of Commissioners and their respective briefs contained allegations of fact and exhibits. There was no objection on either side as to that manner of presenting evidence. Therefore, we review those averments of fact, as did the circuit court, contained in the record forwarded by the Tenure Commission. Our review of the action of the Tenure Commission is limited by statute. Section 16-24-38, Code of Alabama (1975) provides, "The action of the state tenure commission, . . if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive." The Supreme Court *Page 1034 
of Alabama in the case of Sumter County Bd. of Educ. v. AlabamaState Tenure Comm'n, 352 So.2d 1137, 1139 (Ala. 1977) said: "The State Tenure Commission's conclusions and judgment will not be reversed on appellate review as being unjust unless it is against the preponderance of the evidence and theoverwhelming weight of the evidence."
The Tenure Commission after considering the matter presented to it, made a finding of fact that Alexander resigned and therefore was not entitled to the hearing before the Board provided by Section 16-24-9. In order to determine if that finding was contrary to the preponderance of the evidence, we must look at the evidence before the Commission. As previously stated, other than some exhibits and statements of fact by each side, the matter presented to the Board was largely arguments as to conclusions and inferences drawn from the exhibits and statements of fact. There were some statements which were not in conflict. Those were: Norman Alexander had been a teacher in the Mobile system for 13 years. He was certified to teach grades 1 through 5. At the conclusion of the 1973-74 school year, he was removed from a teaching position by assignment to Environmental Studies Center. His position was stated to be supervisor of a large tract of land.[1] Alexander continued in the assignment until an altercation with his immediate superior in September 1976. The superior filed a report of the event and Alexander was called to an interview with the Assistant Superintendent for Personnel, Dr. Taylor. Dr. Taylor advised him to resign or be terminated. Alexander contacted a Board member about the matter and he directed him to resign. On Friday, October 8, 1976, Alexander wrote and mailed a resignation to the superintendent.[2] On Monday, October 11, Alexander withdrew his resignation by a letter which was hand delivered to Dr. Taylor. In that letter he requested to be informed if the Board intended to terminate his contract. On October 13, he received a letter from Dr. Taylor dated October 11. That letter accepted his resignation without mention of the letter of withdrawal. Subsequent letters to the superintendent requesting clarification of Alexander's status ultimately resulted in a letter from the superintendent stating that Alexander had verbally resigned and followed up with a letter of resignation to Dr. Taylor. Dr. Taylor had accepted the resignation and no basis existed for a hearing on the matter.
It was from these facts that the Tenure Commission determined that "Alexander resigned from employment and, therefore the Board did not unlawfully deny him a hearing."
The arguments of Alexander before the Commission and here are: First: The resignation was procured by duress and undue influence by a Board member and by Board employees. We find no material evidence to support that argument.
Second: The resignation was rescinded before it was lawfully accepted. The initial portion of this argument is that the letter of resignation could not have been received and acted upon by Dr. Taylor or the superintendent before its withdrawal in the hand-delivered letter to Dr. Taylor. This argument is premised upon the fact that the letter mailed on Friday the 8th or Saturday the 9th could not have been received by Dr. Taylor until Monday the 11th. He would not have received it on Monday the 11th before receiving the withdrawal because Monday was Columbus Day, a national holiday and postal deliveries were not made. That argument is founded upon inferences and circumstances. The inference of non-receipt and delivery was rebutted, not by denial, but by statement of other circumstances which would permit an opposite inference. Those circumstances were *Page 1035 
that the mail of the office was not delivered but was deposited in a drawer at the post office and picked up on Monday; that the office was open and Dr. Taylor was on the job when the withdrawal letter was handed to him. The inference then was that the letter of resignation could have been placed in the drawer and received by Dr. Taylor prior to his being handed the withdrawal.
The Commission was free to accept which circumstances and inference it chose. It obviously chose to believe that the resignation was received and accepted by Dr. Taylor before it was withdrawn. We could not find that action contrary to the great preponderance of the evidence.
Thus, we come to the last and conclusive argument against the judgment of the commission. Did Dr. Taylor have authority to accept the resignation? We must hold as a matter of law that he did not.
Section 16-24-11, Code of Alabama (1975) says, as pertinent, the following:
 "No teacher . . . shall be permitted to cancel his . . . contract during the school term . . . unless such cancellation is mutually agreed upon; any such teacher shall be permitted to cancel his or her contract at any other time by giving five days' written notice to the employing board of education. Any teacher cancelling his . . . contract in any other manner . . . shall be deemed guilty of unprofessional conduct, and the state superintendent of education is hereby authorized to revoke or suspend the certificate of such teacher."
Alexander's first letter was an offer to cancel his contract with the Board. However, an offer does not create a contract and the offerer can revoke the offer before it is accepted.Little v. Redditt, 264 Ala. 371, 88 So.2d 354 (1956). The statute provides that in order for the teacher to be permitted to cancel his contract of employment during the school term the cancellation must be mutually agreed upon — mutually agreed upon by whom? The teacher and his employer! His employer is the Board of School Commissioners of Mobile County. Section 16-8-23. Marsh v. Birmingham Bd. of Educ., 349 So.2d 34 (Ala. 1977). The Supreme Court has stated that the superintendent of a system lacked authority to give notice of termination of a contract. Brown v. Board of Educ., 242 Ala. 154, 5 So.2d 629
(1942). The authority to terminate a contract and give notice thereof is granted by statute to the employing board and such authority is non-delegable to the superintendent. Section 16-24-9, Code of Alabama (1975); Board of Educ. v. Baugh,240 Ala. 391, 199 So. 822 (1941); Brown v. Alabama State TenureComm'n, 349 So.2d 56 (Ala.Civ.App. 1977).
It has been said that the legislature has placed certain non-delegable duties upon the boards of education. These duties involve the delicate exercise of a wise discretion. Board ofEduc. v. Baugh, supra. The statute (Section 16-24-11) involved in this case relates to the authority to agree with a teacher under contract with the board whether to release him from the obligations of his contract during the school term. It may require finding another teacher in the midst of a term. It probably would be detrimental to the students of the teacher and to the school program. These are considerations which require the exercise of the discretion of the employing board before cancellation is agreed to. The importance of the matter is made evident by the penalty provisions of the statute if the teacher just walks away without the mutual agreement. The fact, if it is a fact, that the Board may have had ground to terminate the contract for cause in this particular case, does not support an exception. We must conclude that even though Alexander may have resigned with Dr. Taylor and Dr. Taylor accepted the resignation before it was withdrawn, the acceptance was without authority of law. The resignation was withdrawn. There was no evidence or claim that the Board of Commissioners ever considered or agreed to accept the resignation.
The Tenure Commission misapplied the law to the facts and the circuit court erred in denying mandamus. The matter is reversed. *Page 1036 
The circuit court is directed to grant writ of mandamus directing the Tenure Commission to enter an order finding that Alexander has been dismissed in violation of law and directing his reinstatement as a tenured teacher effective October 11, 1976.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.
[1] 640 acres of raw, uninhabited land with no building other than rest rooms, located 16 to 19 miles from downtown Mobile.
[2] Alexander says this occurred on Saturday, October 9. The letter does not have a date. However, the envelope has a postmark of October 8.