HOLMES, Judge.
This is a teacher tenure case.
The Board of Education of Bibb County determined that the appellant-teacher had resigned. The Tenure Commission agreed with the Board of Education. The circuit court upheld the above and the teacher appeals to this court.
The dispositive issue on appeal is whether the teacher had resigned. We find she had not and reverse and remand.
The record reveals the following pertinent facts: The teacher, on August 31, 1977, submitted a letter of resignation to the superintendent of education. On September 2, 1977, the teacher rescinded her letter of August 31, 1977. This rescission was by letter addressed to the superintendent. On September 6,1977, the teacher was orally notified by the superintendent that she was no longer an employee of the Bibb County Board of Education. The Board of Education, on September 20,1977, attempted to ratify the action of the superintendent.
It is the position of the teacher that a county school superintendent is not lawfully empowered to accept an offer of resignation by a tenured teacher by virtue of § 16-24-11, Code of Ala.1975, inasmuch as the boards of education, as employers, may not delegate this responsibility to anyone other than themselves. She further contends that, once her offer to resign was timely withdrawn, there was nothing for the Board to ratify. In support of her argument, appellant cites the recent case of Alexander v. Alabama State Tenure Comm’n., Ala.Civ.App., 358 So.2d 1032 (1978). Appellee argues that, notwithstanding the dispositive nature of this case, we should re-examine its holding. We decline to do so and reaffirm Alexander, supra.
In Alexander, supra, we held that school superintendents have no power to accept resignations from tenured teachers because the language of § 16-24-11 provides that only the teacher’s employing board may do so. We further held that until the board accepts such an offer to resign, the resignation may be timely withdrawn.
Here, the teacher clearly timely withdrew her offer of resignation before the Board of Education took action on such resignation.
In view of Alexander, supra, the case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.