BRADLEY, Judge.
This case involves an appeal from a judgment by the Circuit Court of Jefferson *74 County, Bessemer Division, denying appellant-Eleanor Primm’s petition for a writ of mandamus. Mrs. Primm’s petition for mandamus sought to compel the reversal of an order by the Alabama State Tenure Commission dismissing her appeal from a decision by the Bessemer City Board of Education cancelling her contract as a teacher in the city school system. It is our conclusion that the judgment of the circuit court denying Mrs. Primm’s petition for mandamus should be affirmed.
On November 23, 1976 the assistant superintendent of the Bessemer city schools received a report that Mrs. Primm “reeked” with the smell of alcohol. This was the second such report that the assistant superintendent had received concerning allegations that Mrs. Primm “smelled of alcohol” while at work. After conducting an investigation concerning the November 23 allegation, the assistant superintendent learned from an alcohol breath test administered to Mrs. Primm at a local police station that Mrs. Primm’s alcohol blood content was .037. As a result of this information, the assistant superintendent wrote a letter to Mrs. Primm notifying her that the superintendent’s office of the Bessemer Board of Education planned to cancel her teaching contract. This letter was dated November 23, 1977 and sent to Mrs. Primm by registered mail.
The letter sent by the assistant superintendent to Mrs. Primm stated that the results of the alcohol blood test indicated that Mrs. Primm either had arrived at work intoxicated on the date in question or had consumed alcohol during school hours on the same date. The assistant superintendent’s letter continued by informing Mrs. Primm of the date, time and place at which the charges against her could be refuted and by pointing out to her that in order to contest the proposed cancellation of her teaching contract it would be necessary for her to file with the Bessemer Board of Education a notice that she intended to contest the Board’s action. The date set for allowing Mrs. Primm an opportunity to contest the cancellation of her contract was December 20, 1976. Mrs. Primm did not file notice that she intended to contest the Board’s proposed action subsequent to the letter of November 23.
On December 20, 1976 the Bessemer Board of Education met and concluded that the charges contained in the assistant superintendent’s letter of November 23 warranted a hearing by the Board to determine if Mrs. Primm’s teaching contract should be cancelled. On the basis of the charges and allegations made against Mrs. Primm in the assistant superintendent’s letter to her, the Board passed a resolution that Mrs. Primm be notified that a hearing would be held “at the Office of the Board of Education of Bessemer, Alabama on the 17th day of January, 197[7] at 7:00 P.M. at which time the Board shall determine whether or not said teacher’s contract shall be cancelled.” The Board’s resolution then reiterated the specific charges against Mrs. Primm and stated that she was required to file notice with the Board at least five days prior to January 17 in order to contest the proposed cancellation. A letter containing the resolution of the Board and informing Mrs. Primm of the hearing date as well as the requirements for contesting the cancellation of her contract was then sent to Mrs. Primm. This letter concluded by stating that “unless said contest notice is filed within said time, any actions this Board shall take will be final.”
Following the Board’s resolution of December 20, Mrs. Primm did not file with the Board a notice that she intended to contest the proposed cancellation of her contract.
On January 17, 1977 the Bessemer Board of Education voted unanimously to terminate Mrs. Primm’s contract as a teacher in the Bessemer school system. Mrs. Primm and her attorney were present at the Board meeting but did not attempt to present any evidence to the Board. Her attorney did, however, apprise the Board of her previous unblemished employment record. The lawyer who represented her also stated that Mrs. Primm did not fully understand the contents of the correspondence which she had received from the Board, and on that basis requested that the Board postpone *75 action on the matter. This request was denied.
After the Board terminated her employment by its action of January 17, Mrs. Primm appealed to the Alabama State Tenure Commission. The Tenure Commission dismissed her appeal and she filed a petition for a writ of mandamus with the circuit court. Her petition was subsequently denied by the circuit court, resulting in this appeal.
In its order dismissing Mrs. Primm’s appeal the Tenure Commission concluded that she had no right to proceed before the Commission because she had failed to file notice of intention to contest the cancellation of her contract following the Board’s December 20 notice of the proposed cancellation. In addition, the Commission found that the letter of November 23,1976 did not constitute notice within the meaning of Title 52, section 359, Code of Alabama 1940 (Recomp.1958) (currently found in § 16-24— 9, Code of Alabama 1975). Mrs. Primm contends on appeal that the latter finding resulted from an alteration by the Board of the November 23 letter. Specifically, Mrs. Primm (speaking through her attorney) claims that the letter sent by the assistant superintendent to Mrs. Primm was written on paper containing the letterhead of the Bessemer City Board of Education while the copy of the letter provided to the Tenure Commission was written on plain white paper and deleted any reference to the Bessemer City Board of Education. Thus, Mrs. Primm submits that the letter containing the printed letterhead of the Board of Education for the City of Bessemer demonstrates that the Board authorized the notice sent to Mrs. Primm on November 23 and that the hearing which was subsequently held in mid-January was in excess of the twenty to thirty day period within which hearings concerning the cancellation of teacher contracts must be held. We find no merit to this contention.
In Brown v. Alabama State Tenure Commission, Ala.Civ.App., 349 So.2d 56 (1977), this court in an opinion written by Judge Wright concluded that the cancellation of a teacher’s contract is the sole prerogative of the employing board of education. Moreover, we determined that a school superintendent could not unilaterally and without any consultation with his local board notify a teacher of the proposed cancellation of the latter’s contract in view of the fact that such a procedure was the non-delegable authority and duty of the employing board of education. See Board of Education of Marshall County v. Baugh, 240 Ala. 391, 199 So.2d 822 (1941).
In the instant case there is no evidence that the assistant superintendent had consulted with the members of the Bessemer Board of Education about the allegations against Mrs. Primm prior to sending her the letter of November 23. Instead, it appears that although he lacked authority from the Board, the assistant superintendent nevertheless notified Mrs. Primm that the superintendent’s office proposed to dismiss her and that a hearing would be held at which she could contest such action. Based on our decision in Brown, such notice would have been defective and the Board, apparently realizing this fact, chose to treat the assistant superintendent’s letter as a request to the Board seeking the cancellation of Mrs. Primm’s contract. The Board acquiesced to the request by the assistant superintendent and authorized the notification of Mrs. Primm regarding the date, time and place at which a hearing would be held on the matter. The Board’s decision to notify Mrs. Primm of the proposed cancellation was recorded in the minutes of its meeting on December 20 and we find no defect in the notice provided Mrs. Primm following the Board’s resolution on that date.
Nor can we accept the contention by Mrs. Primm that the use of paper containing a letterhead with the printed name “Bessemer Board of Education” (and its address) constituted either real or apparent authority on the part of the assistant superintendent to act on behalf of the Board. Above the body of the letter is the printed notation “Office of the Superintendent” and the letter is signed “Larry Wilson, Assistant Superintendent, Personnel Affairs.” *76 Thus, it is clear that the assistant superintendent signed the letter in his capacity as an employee with the superintendent’s office and not as a person authorized by the Board to notify the teacher of her proposed dismissal. While a printed name may constitute a signature or demonstrate authority in some instances, we are not persuaded that such symbols are sufficient proof that a board of education has authorized another person to notify a teacher that the board has taken action or plans to take action against the teacher in the absence of evidence which indicates that the board adopted the printed name for such a purpose. See Board of Education of Marshall County v. Baugh.
We are of the opinion that the circuit court did not err in finding that the action of the Tenure Commission was made in compliance with the provisions of the Alabama State Tenure Act and that such action was not unjust. Sections 16-24-1 et seq., Code of Alabama 1975; Sumter County Board of Education v. Alabama State Tenure Commission, Ala., 352 So.2d 1137 (1977). Section 16-24 — 9 of the Alabama State Tenure Act mandates that a teacher file notice of his or her intention to contest an action regarding the cancellation of a teaching contract by a board of education. Such notice must be filed at least five days prior to the date on which the matter is set for hearing, and if no such notice is provided, the employing board’s decision to dismiss the teacher is deemed to be final. Mrs. Primm failed to file any notice with the Bessemer City Board of Education that she planned to contest the cancellation of her contract. Therefore, the Board’s decision terminating her employment as a teacher in the Bessemer city school system was final and the Tenure Commission acted properly in dismissing her appeal.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.