These appeals involve the question of whether an order of the Alabama State Tenure Commission in a case involving the cancellation of a tenured teacher's contract was a final order.[1] The circuit court of Tuscaloosa County issued a writ of mandamus to the Board of Education of the City of Tuscaloosa prohibiting the board from further proceedings in the matter. The Board appeals. We affirm.
The pertinent facts in these cases are not complicated. The Tuscaloosa City Board of Education held a hearing to determine if assistant principal Robert L. Roberts's contract should be cancelled. Based upon testimony presented at the hearing, the board cancelled Roberts's contract. Roberts appealed to the Alabama State Tenure Commission and that commission "dismissed" and "reversed" the board's decision. We understand the Tenure Commission's order which "dismisses the action and remands the action to the board," was a "final" determination under §16-24-38. The commission's order was based on Code 1975, §16-24-10, which requires that a full copy of the transcript of hearings be sent to the commission on appeals. The full transcript was not sent to the commission because the court reporter, who was hired by the board, lost her notes on the testimony of two witnesses.
The board reinstated Roberts, suspended him again, and set a date for another hearing on the same matter that was the subject of the first hearing. Roberts then sought a writ of mandamus, or in the alternative a permanent injunction, from the circuit court to prohibit the board from holding the second hearing and cancelling his contract again. During the court hearing, the board sought to offer testimony of several members of the tenure commission to show what was "meant" by the tenure commission's order. The trial court sustained Roberts's objection to this testimony. The trial court refused to allow the board to question the members of the tenure commission under Ala.R.Civ.P. 43 (c), but did allow questioning of the Assistant Attorney General who works with the tenure commission on the general procedures followed by the commission.
The appellant/Board of Education of the City of Tuscaloosa raises four issues on appeal.
The appellant first argues that the order of the trial court erroneously applied a bar to further proceedings "apparently based on the principles of double jeopardy or res judicata."
The trial judge had before him the commission's order which read as follows:
 "A meeting of the Tenure Commission was held in Montgomery on January 3, 1983, to hear the appeal of Mr. Robert Roberts from the cancellation of his contract by the Tuscaloosa City Board of Education pursuant to Section 16-24-8, Code of Alabama, 1975.
 "Because the record of the proceeding was incomplete and thus not in compliance with Section 16-24-10 (b), Code of Alabama, 1975, the Tenure Commission dismisses the appeal and reverses the action of the Board.
 "Done this 3rd day of January, 1983." (Emphasis added.)
The court also had before it the minutes of the commission meeting. These minutes in pertinent part read as follows:
 "A motion was duly made and seconded to rescind the action of the Tuscaloosa City Board of Education, based upon the fact that the statute was not followed in submitting a complete and timely transcript in this matter. This motion carried unanimously. The following decision was rendered:
 "IN THE MATTER OF ROBERT ROBERTS v. TUSCALOOSA CITY BOARD OF EDUCATION BEFORE THE ALABAMA STATE TENURE COMMISSION *Page 1061 
 "A meeting of the Tenure Commission was held in Montgomery on January 3, 1983, to hear the appeal of Mr. Robert Roberts from the cancellation of his contract by the Tuscaloosa City Board of Education pursuant to Section 16-24-8, Code of Alabama, 1975.
 "Because the record of proceedings was incomplete and thus not in compliance with Section 16-24-10 (b), Code of Alabama, 1975, the Tenure Commission dismisses the appeal and reverses the action of the Board.
"Done this 3rd day of January, 1983.
 "/s/ Carlton Smith, Vice Chairman Alabama State Tenure Commission"
Sections 16-24-1 through 16-24-38, Code 1975, provide the procedure to be followed if a board of education wishes to transfer, or cancel the contract of, a teacher with "continuing service status" (tenure).
The section to which we must look reads in full as follows:
 "The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located." (Emphasis added.)
Code 1975, § 16-24-38.
This Court has consistently held that the Teacher Tenure Act is remedial in nature and is to be liberally construed in favor of teachers who are the class designated to be its primary beneficiaries. Board of Educ. v. Baugh, 240 Ala. 391,199 So. 822 (1941), State Tenure Commission v. Madison County Bd. ofEduc., 282 Ala. 658, 213 So.2d 823 (1968), State ex rel. Zeanahv. Berger, 55 Ala. App. 246, 314 So.2d 700 (1975); or stated another way, the statutes are to be strictly construed in favor of the teachers in dismissal cases. See Brazil v. Rupp,104 Ind. App. 287, 10 N.E.2d 924 (1937). With this law in mind, we now construe Code 1975, § 16-24-38, as it applies to this appeal.
The language "shall be final and conclusive" in § 16-24-38 is dispositive, we hold. "When the intention of the legislature is so apparent from the face of the statute that there can be no question as to its meaning, there is no room for construction."American Inst. of Psychotherapy, School of ProfessionalPsychology v. Alabama Board of Examiners in Psychology,410 So.2d 54, at 55 (Ala. 1982).
Appellant argues that in Brown v. Alabama State TenureCommission, 349 So.2d 56 (Ala.Civ.App. 1977), a similar case was decided. In Brown, supra, the local board of education held a cancellation hearing, and cancelled the teacher's contract, the teacher appealed to the tenure commission, and the commission reversed for failure of the local board to send a complete record of the hearing. After notification by the commission, the board held another hearing, again cancelled the contract, and the teacher appealed. The commission upheld the board and the Court of Civil Appeals reversed and remanded because the board had failed to comply with the notice provisions of the Teacher Tenure Act. Brown, supra. The issue of the propriety of the second hearing of the board was not raised or addressed by any of the parties in the Court of Civil Appeals.
Neither the board nor the teacher has cited us to a case deciding the issue before us. After our own search, we have found no case which addresses the issue, but, see, White v.Wohlenberg, 113 Iowa 246, 84 N.W. 1026 (1901), which held that where the decision of a board of education in discharging a teacher was reversed by the county superintendent because the teacher received no notice, the teacher was not entitled to an injunction restraining a second hearing on new charges since the first hearing was a nullity and could not operate as an acquittal. Of course, under our Alabama Rules of Civil Procedure, a dismissal operates as an adjudication upon the merits unless otherwise specified. Ala. *Page 1062 
R.Civ.P. 41 (b) states, "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits,"Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala. 1980); seealso, Durant v. Essex Co., 7 Wall. (74 U.S.) 107, 19 L.Ed. 154
at 156 (1869), which states, "Where words of qualification such as `without prejudice' or other terms indicating a right or privilege to take further legal proceeding on the subject do not accompany the decree, it is presumed to be rendered on the merits."
The general rule has been stated thusly:
 "Under statutes granting the right, a teacher, principal, or superintendent who is aggrieved by the action of the school authorities in dismissing or removing him has a right of appeal to a higher board or officer, such as a county or state superintendent. The decision or order of the appellate board or officer is generally final and conclusive."
78 C.J.S. Schools and School Districts, § 209 (a) (1955).
Based on the foregoing, we hold that where the State Tenure Commission "reverses" and "dismisses" an appeal from a teacher contract cancellation decision by a board of education, that order is final and conclusive and bars further proceedings by the board of education based on the same charges. Cf. Freemanv. Jefferson County Bd. of Educ., 375 So.2d 264 (Ala.Civ.App. 1979), wherein the Court of Civil Appeals held that the tenure commission could not be required to send the record of a prior hearing back to the local board for supplementation of the record.
The board next argues that mandamus was improper because Roberts had another remedy available to him. The board contends that Roberts should have submitted to a second hearing and if the board again fired him, he could again appeal to the tenure commission. The board's argument is based on the theory that the tenure commission's order was not a final adjudication on the merits. We have already determined that it was. The board further relies on Alabama State Tenure Comm'n v. Oneonta CityBoard of Education, 376 So.2d 197 (Ala.Civ.App. 1979). We think that case is not applicable here. Oneonta City dealt with whether a circuit court other than the Montgomery County Circuit Court could issue a supervisory writ of mandamus to a commission located in Montgomery with statewide jurisdiction.
Mandamus is available to a teacher to compel a local board to comply with a commission decision. See Schneider v. Mobile Bd.of School Comm'rs, 378 So.2d 1119 (Ala.Civ.App. 1979), wherein the Court of Civil Appeals, in dictum, addressed this issue.
The board next argues that the trial court applied an incorrect standard of review. The board contends, and it is correct, when it states that Roberts was not entitled to a direct review of the action of the board by mandamus because a review of the board's action is appellate and would not come under the circuit court's jurisdiction. This proceeding was not such a review, however, and the power exercised by the circuit court in this instance was supervisory and permissible. OneontaCity, supra. The standard to be applied in the instant case is whether Roberts had no other legal remedy and whether there is a clear, specific right for enforcement. Ex parte Brandon,243 Ala. 610, 11 So.2d 561 (1943); Martin v. Loeb Co., Inc.,349 So.2d 9 (Ala. 1977). Since the board was without authority to conduct a second hearing, we hold that mandamus was appropriate.
Lastly, the board argues the trial court committed error by not permitting the board to make a show of proof under Rule 43 (c), Ala.R.Civ.P., by using individual members of the State Tenure Commission to show that the commission had not made any ruling that would bar a second hearing before the school board.
The rule, in pertinent part, reads:
 "Record of Excluded Evidence. In an action tried by a jury, if an objection to a question propounded to a witness is sustained by the court, the examining *Page 1063 
attorney may make a specific offer of what he expects to prove by the answer of the witness. The court may require the offer to be made out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. In actions tried without a jury the same procedure may be followed, except that the court upon request shall take and report the evidence in full, unless
it clearly appears that the evidence is not admissible on any ground or that the witness is privileged." (Emphasis added.)
Rule 43 (c), Ala.R.Civ.P.
The appellant cites us to no authority for the proposition that Rule 43 (c) should apply in a mandamus hearing. Appellee argues that the members of state regulatory boards should not be compelled to go to court in sixty-seven counties to explain each decision made, but we think there is a better reason for sustaining the action of the trial court. The State Tenure Commission is totally a creature of the legislature and was created to be a quasi-judicial body. See State TenureCommission v. Madison County Bd. of Educ., 282 Ala. 658,213 So.2d 823 (1968). The written record of the commission's actions is the only way of proving what it does. See Kroger v.Puckett, 351 So.2d 582 (Ala.Civ.App. 1977). Records of a court are the best evidence of its official acts, Kimbrell v. City ofBessemer, 380 So.2d 838 (Ala. 1980) (minutes of board of adjustment are best evidence of official action taken by the board). We hold that the written record of the state tenure commission's meeting and order is the best evidence of the commission's action, and that the individual commission members should not give testimony concerning events occurring at such a meeting.
For the foregoing reasons, we affirm the judgment and deny the writ of mandamus.
AFFIRMED; WRIT DENIED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
[1] This case was originally filed in the Court of Civil Appeals, which transferred the case to this Court. To aid in the disposition of the case, this Court voted to keep the case rather than send it back to the Court of Civil Appeals.