ADAMS, Justice.
In this petition for a writ of mandamus, Catherine Yvonne Stone asks this Court to order the Circuit Court of Montgomery County to dismiss the declaratory judgment action against her filed by Randall Hank Williams and by Wesley H. Rose and Roy Acuff as trustees and liquidators for stockholders of Fred Rose Music Company, Inc., and Milene Music, Inc. (“the Williams Group”).
In order to understand the import of Stone’s mandamus petition, a review of the facts and procedural history of this case is necessary. Stone claims to be the natural daughter of Hank Williams, Sr., who died on January 1,1953. His estate was probated in Montgomery County and administered in the Montgomery County Circuit Court. A guardian ad litem was appointed by the court to represent the interests of any minor person or persons who were at that time either unrepresented or unknown and who claimed to have an interest in the estate of Hank Williams, Sr. The guardian ad litem asserted in the proceedings that Stone was the daughter of Hank Williams, Sr., and that, as such, she was entitled to share equally in the estate and in the proceeds of contractual and copyright arrangements regarding his music.
On December 1, 1967, the Montgomery County Circuit Court entered an order which found that Randall Hank Williams was the sole heir and distributee of the estate of Hank Williams, Sr., and, thus, the entire estate passed to him under the laws of descent and distribution.
On January 30, 1968, the court issued another order, which stated that Stone was not an heir of Hank Williams, Sr., and had no rights either in the original copyrights or in the rights to renew those copyrights.
Over 17 years after the circuit court’s last ruling, on July 11, 1985, Stone filed a petition for a writ of mandamus, seeking to *685 have the Montgomery County Circuit Court order certain state officials to release her adoption records and a copy of an agreement pertaining to her paternity. On August 30, 1985, the Williams Group intervened in the mandamus action and asserted a counterclaim for declaratory relief, which was later consolidated with a separate declaratory judgment action filed by them on September 10, 1985. On September 12, Stone filed an action in the United States District Court for the Southern District of New York, wherein she claimed an interest in certain copyright renewals in the musical compositions of Hank Williams, Sr.
In the consolidated Alabama cases, Stone filed a motion to dismiss the Williams Group’s complaint, alleging that the circuit court did not have subject matter jurisdiction to determine her rights in the renewal copyrights of Hank Williams, Sr. Additionally, she claimed that the complaint did not set forth a justiciable controversy. In response, the Williams Group filed a second amended complaint which purported to withdraw any claim regarding Stone’s interest in the renewal copyrights. Stone then moved to dismiss this amended complaint because, according to the lawyers for the Williams Group, the amended complaint did not deal with her claims of ownership of the renewal copyrights, but pertained only to her interest in the estate of Hank Williams, Sr. Stone argues that, since this matter had already been decided by the Montgomery County Circuit Court, it was not a proper subject for a declaratory judgment action and thus no justiciable controversy was presented by the complaint as amended. Stone’s motion to dismiss the amended complaint was denied by the circuit court, which prompted her to file the instant petition for a writ of mandamus.
We are of the opinion that Stone’s petition for a writ of mandamus is due to be denied for two reasons. First, we note that the issue of when mandamus is due to be granted or denied has been before this Court many times. Recently, in Ex parte Thompson, 474 So.2d 1091 (Ala.1985), we stated:
It is axiomatic that mandamus is an extraordinary remedy which should be granted only when there is a clear showing that the court below abused its discretion and exercised it in an arbitrary or capricious manner. Ex parte Baker, 459 So.2d 873, 876 (Ala.1984); Ross v. Luton, 456 So.2d 249, 254 (Ala.1984); Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala. 1981). Furthermore, the petitioner must show that he has a clear right to the remedy sought. Tuscaloosa City Board of Education v. Roberts, 440 So.2d 1058 (Ala.1983).
474 So.2d at 1094. We have also stated on numerous occasions that mandamus can not be used as a substitute for appeal. See Ex parte Army Aviation Ctr. Fed. Cred. Union, 477 So.2d 379 (Ala.1985); Ex parte South Carolina Insurance Co., 412 So.2d 269 (Ala.1982).
Stone has not clearly shown this Court that the court below abused its discretion and exercised it in an arbitrary or capricious manner. Likewise, she has failed to meet her burden of proving that she had a clear right to the remedy sought. Thus, under these circumstances, it is our opinion that mandamus will not lie, and her petition is due to be denied for this reason.
We are also of the opinion that Stone’s petition should be denied with regard to her claim that no justiciable controversy exists. In her petition for a writ of mandamus filed in the Montgomery County Circuit Court it is partly in regard to that mandamus action that the present mandamus action before us arises, Stone asserts the following:
To deny Petitioner, Catherine Stone, the right to inspect and copy the above mentioned documents is in essence to deny her birth rights allowed by law. Said refusal would further allow a continued unjust and conspiratorial process to remain intact which denies the Petitioner her rights provided by law in the Estate of Hank Williams, Sr., and which also denies Petitioner her rights and interests under any and all copyright laws.
*686 In the quoted passage, Stone is claiming an interest in the property which passed as part of the estate of Hank Williams, Sr. For almost 19 years the Williams Group has relied on the orders entered by the Montgomery County Circuit Court denying Stone any interest in the estate. Now Stone is attacking these orders, both through the judicial system, as well as through the use of mass media.[1] These actions have resurrected a previously decided case, and have certainly caused a very real, present controversy, which gives the circuit court jurisdiction in the matter.
Further support for the trial court’s refusal to dismiss the Williams Group’s complaint can be found in Code of Alabama, 1975, § 6-6-220, et seq., the Declaratory Judgment Act. Specifically, § 6-6-225 provides:
Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin or ces-tui que trust in the administration of a trust or of the estate of a decedent, infant, incompetent or insolvent may have a declaration of rights or legal relations in respect thereto:
(1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or other;
(2) To direct the executors, administrators or trustees to do or abstain from doing any particular act in their fiduciary capacity; or
(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.
The instant dispute plainly falls within the scope of this statute, and the declaratory judgment action filed by the Williams Group is thus a viable means of settling this dispute.
For the above-stated reasons, the writ of mandamus is hereby denied.
WRIT DENIED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.

. On or about August 28, 1985, Stone appeared on "The Today Show," where she claimed to be the daughter of Hank Williams, Sr., and stated that suit would be filed within two or three weeks. She further made known her intentions to sue through several interviews with various news publications.