BEATTY, Justice
(dissenting).
In its decision strictly construing § 16-24-9 to require that the teacher file written notice of her intent to contest the Board’s decision to cancel her contract, the Court of Civil Appeals apparently overlooked its earlier decision in Brown v. Alabama State *405 Tenure Comm’n, 349 So.2d 56 (Ala.Civ.App.1977). In that case, it was undisputed “that the exact [notice] provisions of [§ 16-24-9] were not followed by the Board of Education” in cancelling Mr. Brown’s contract. 349 So.2d at 57. The Court of Civil Appeals held as follows:
“Responding now to the issue presented, we do not hold that the exact provisions of [§ 16-24-9] as to the manner and form of notice of the proposed cancellation have to be followed. It is evident that the purpose of prescribing a particular manner of giving notice with the provision of time for setting a hearing is to ensure due process. That is, notice of the specific charges brought together with adequate opportunity for preparation for a hearing. We do hold that there must be, in fact, notice of specific charges, and opportunity for hearing not less than that provided by [§ 16-24-9].
“In this case, though the letter of March 26, 1975, was not in compliance with § 359 in more than one respect, it did begin the events which ultimately culminated in the hearings. Even Mr. Brown admits that he was given notice of charges by letter and by personal service and that thereafter he had full opportunity to prepare a defense and be heard on those charges. We believe that is all that is necessary so far as form is concerned.
“The other contention of Mr. Brown [as to reversible error] relates to substance rather than form.”
(Emphasis added.) 349 So.2d at 58. How can it be that a tenured teacher, for whose benefit and protection the statute was enacted, is required to strictly comply with the notice provision, a condition of which (i.e., written notice) is implied rather than express, whereas, under Brown, supra, the Board is not required to comply?
The majority’s attempt to distinguish Brown disregards the fact that Brown is a two-part decision: First, as indicated by the portion of the opinion quoted above, the Court of Civil Appeals found that, as to matters of form, literal compliance with the notice provisions of the statute is unnecessary so long as there is actual notice and the requirements of due process have been met. However, as to the substantive statutory requirement that the employing board determine that cause exists for cancellation of the tenured employee’s contract, the court held that such requirement was mandatory, and it was the failure to comply with this substantive statutory requirement that necessitated a reversal of the case.
The evidence establishes that the Brown test as to matters of form was met in this case — the Board had notice, in fact, of petitioner’s intention to contest the cancellation, albeit oral notice. Accordingly, I must dissent.