# Pritchard, *et al. v.* Fowler, *et al.*

## *Unlawful Detainer.*

(Decided April 28, 1906. 40 So. Rep. 954.)

*Costs; Unsuccessful Party; Dismissal.*—Where a defendant procured the removal of a cause of unlawful detainer from an inferior to the circuit court, and moves the circuit court to dismiss it for that the court originally entertaining the cause was not legally constituted, and the circuit court had no original juris-diction, which motion was granted, the defendants were enti tled to recover costs of plaintiffs under Sec. 1325, Code 1896, and it was error to tax them against defendants.

APPEAL from Mobile Circuit Court.

Heard before HON. SAMUEL B. BROWNE.

Action of unlawful detainer, begun by appellees against appellants. The facts sufficiently appear in the opinion.

L. H. & E. W. FAITH, for appellant.—The court was without authority to tax the defendant with the costs, upon the dismissal of the cause under the facts in this case.—§§ 1325 and 1353, code 1896; *Brown v. Bartlett,* 2 Ala. 29; *Northern v. Hanners,* 121 Ala. 588; Hilliard *v. Brown,* 103 Ala. 318.

R. W. STOUTZ, for appellee.—The court being without jurisdiction properly taxed the costs against the party invoking its jurisdiction.—11 Cyc. 207; *N. A. & Co. v. Morrison,* 178 U. S. 262.

HARALSON, J.—This was a case of forcible entry and detainer, commenced in the inferior civil court of Mobile county, and was removed by writ of certiorari under § 2147 of the code, from that court into the circuit court of said county. When the case reached the circuit court, the defendants moved the court to dismiss the proceedings, on the ground, that the circuit court had no jurisdiction to hear and determine the cause for this, that the cause was commenced in what is known as the inferior civil court of Mobile county, which latter court was never legally constituted and was declared unconstitutional, and the proceedings being in forcible entry and detainer, the circuit court had no original jurisdiction of the subject-matter of the suit.

The court granted said motion, and dismissed said action out of said court, and entered judgment taxing the defendant with all costs of the case created in the circuit court, to review which judgment as to costs this appeal is prosecuted.

At common law costs were not recoverable and were not adjudged in the judgment in the case.—*Northern v. Hanners,* 121 Ala. 588.

This principle has been changed by statute in this state. The code provides, "The successful party in all civil actions is entitled to full costs, for which judg-

ment must be rendered, unless in cases otherwise directed by law."—Code, § 1325.

In *Hilliard v. Brown*, 103 Ala. 323, it was said, "It is contended by the appellee, that as the trial court had no jurisdiction of the subject matter, it could not render a judgment awarding costs. * * * * * * * * We are of opinion the sounder rule, and that which is supported by the great weight of authority is, that the court must decide whether it has jurisdiction or not, and the decision of that question is a judicial act—an exercise of jurisdiction,—and that costs are a proper and necessary incident of such a judgment."—Citing authorities; Hawes on Jurisdiction of Courts, § 19.

In *Jordan v. Dennis*, 7 Metcalf, (Mass.) 591, it was said: "It was formerly considered, that where the ground of decision was, that the court had no jurisdiction, no judgment would be entered, and of course no costs awarded; and there were several conflicting decisions. But the subject was fully considered and decided in a recent case, and it was held, upon the very broad words of the statute giving costs to the prevailing party in all civil actions, * * * * * that costs should be allowed, where the decision was, that the court had no jurisdiction.—*Cary v. Daniels*, 5 Met. 236. * * * * * * This is a proceeding attended with expense; the party successfully resisting the jurisdiction is the prevailing party; and we are of opinion, that within the spirit, if not the terms, of the statute, he is entitled to costs."

Where a demurrer was sustained to an action on the ground that the court had no jurisdiction of the subject of the action, and the court rendered a decision sustaining the demurrer, it was held by the supreme court of New York, that the court had the power to enter a judgment dismissing the suit, and awarding costs to the defendant.—*King v. Pool*, 36 Barb. 24.

In this case the defendants prevailed. The fact that the cause was removed at their instance from the inferior civil court to the circuit court, where, on their motion, it was dismissed, is not of the consequence plaintiff's counsel attribute to it. That proceeding was, perhaps, necessary for them to procure a dismissal of the case, but whether that was their object or not, they had the right to move to dismiss plaintiff's action, and

[Ford v. Lewis.]

waived nothing by submitting such motion. The cause could only have been dismissed by plaintiffs at their own cost, unless by agreement of defendants the costs were to be levied against them, which in this case was not done.—*Brown v. Bartlett,* 2 Ala. 30.

The court erred in taxing defendants with the costs in the circuit court, and the judgment to that extent will be reversed.

Reversed and remanded.

WEAKLEY, C. J., DOWDELL and DENSON, JJ., concur.

