ON APPLICATION FOR REHEARING
STEAGALL, Justice.
This Court’s opinion of April 17, 1992, is withdrawn and the following opinion is substituted therefor.
*906 The plaintiff, Jerry A. Tomlinson, appeals from a summary judgment entered in favor of the defendant, G.E. Capital Dealer Distributor Finance, Inc. (hereinafter “G.E. Capital”), on an action alleging fraud and breach of warranty and a counterclaim for the balance due under a lease agreement. (Contel Credit Corporation is the former name of G.E. Capital; Contel Credit Corporation and G.E. Capital are the same entity.)
In October 1987, Tomlinson executed a commercial lease agreement wherein he agreed to lease computer equipment sold by CADO Systems of Central Alabama, Inc. (hereinafter “CADO”). The agreement provided that there would be no binding contract until the “lease is accepted by” the lessor, G.E. Capital; on December 4, 1987, G.E. Capital accepted the lease. On June 2, 1988, Tomlinson executed an “add-on agreement” wherein he agreed to lease additional computer equipment from G.E. Capital; this agreement referred to the earlier lease agreement and was “accepted” by G.E. Capital on June 8, 1988. On October 31, 1989, Tomlinson executed a second commercial lease agreement wherein he agreed to lease computer equipment sold by CADO. This agreement also provided that there would be no binding contract until the “lease is accepted by” the lessor, G.E. Capital; on December 29, 1989, G.E. Capital accepted the lease.
Tomlinson became dissatisfied with the equipment and sent several letters to CADO expressing his dissatisfaction. Ultimately, Tomlinson stopped making payments to G.E. Capital, and he sued CADO and G.E. Capital. Tomlinson’s claims against CADO were based on allegations of fraud and breach of implied warranty of fitness for a particular purpose. Tomlin-son alleged that CADO was operating as G.E. Capital’s agent; his claims against G.E. Capital were based on that alleged agency relationship. G.E. Capital filed a counterclaim against Tomlinson, seeking the balance due under the lease agreement. The trial court entered a final summary judgment, pursuant to Rule 54(b), A.R.Civ. P., in favor of G.E. Capital on Tomlinson’s claims and on G.E. Capital’s counterclaim. Tomlinson appeals, arguing that the issue of whether CADO is G.E. Capital’s agent is a jury question and that, therefore, the summary judgment was improper.
In Carlton v. Alabama Dairy Queen, Inc., 529 So.2d 921 (Ala.1988), this Court stated:
“Summary judgment on the issue of agency is generally inappropriate, because this issue usually is a question to be determined by the trier of fact. However, when a defendant’s liability is based on agency, agency may not be presumed; evidence of agency must be presented in response to a defendant's properly supported summary judgment motion, in order for the motion to be defeated. Wood v. Shell Oil Co., 495 So.2d 1034, 1036 (Ala.1986); see Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
[[Image here]]
“The test to be applied in determining the existence of an agency relationship under the doctrine of respondeat superi- or is whether the alleged principal has control over the manner of the alleged agent’s performance.”
529 So.2d at 923.
In support of its motion for summary judgment, G.E. Capital submitted copies of the lease agreements and the add-on agreements. Both lease agreements contained the following provision under the heading “TERMS AND CONDITIONS OF LEASE”:
“VENDOR NOT AN AGENT. LESSEE UNDERSTANDS AND AGREES THAT NEITHER VENDOR [NOR] MANUFACTURER NOR ANY SALES PERSON OR OTHER AGENT OF VENDOR OR MANUFACTURER IS AN AGENT OF LESSOR. NO SALES PERSONS OR AGENT OR VENDOR OR MANUFACTURER IS AUTHORIZED TO WAIVE OR ALTER ANY TERM OR CONDITION OF THIS LEASE, AND NO REPRESENTATION AS TO EQUIPMENT OR ANY OTHER MATTER BY VENDOR OR MANUFACTURER WILL IN ANY WAY AFFECT LESSEE’S *907 DUTY TO MAKE THE PAYMENTS AND PERFORM ITS OBLIGATIONS AS SET FORTH IN THIS LEASE.”
G.E. Capital also submitted excerpts from Tomlinson’s deposition, wherein Tomlinson testified that it was his custom to read contracts before signing them and that he presumed that he read the lease agreements before executing them. G.E. Capital also submitted the affidavit of John P. Lionato, an account manager with G.E. Capital, who stated, in part:
“CADO is a separate corporation from G.E. Capital, and G.E. Capital has no right or authority to control in any way the manner in which CADO carries out its business, including the manner in which CADO negotiates sales or leases with its customers. The decision to offer any individual sales contract or lease to G.E. Capital, rather than to another financing source, is made entirely by CADO. CADO has no obligation to offer any given number of agreements, or any particular agreement, to G.E. Capital. For its part, G.E. Capital is under no obligation to accept any given number of agreements, or any particular agreement, from CADO.”
In opposition to the motion for summary judgment, Tomlinson submitted his affidavit, attaching several exhibits. G.E. Capital filed a motion to strike the affidavit, arguing that the exhibits were among the documents that had been requested during discovery but that they had not been produced and that the affidavit contained inadmissible hearsay and was not based on personal knowledge; the trial court granted the motion to strike. Tomlinson contends that the trial court erred in granting the motion and that he presented substantial evidence to defeat G.E. Capital’s motion for summary judgment.
In Iverson v. Xpert Tune, Inc., 553 So.2d 82 (Ala.1989), this Court held that the decision whether to impose sanctions for a failure to comply with discovery requests is within the trial court’s discretion, and this Court will not disturb the trial court’s choice of sanctions in the absence of an abuse of discretion that results in substantial harm to the appellant. In the instant case, we conclude that the trial court abused its discretion in striking the affidavit and exhibits; we reverse the judgment of the trial court and remand the case for the trial court to rule on the summary judgment motion after considering the affidavit and exhibits that were stricken.
Tomlinson raises no issue with regard to G.E. Capital’s counterclaim; therefore, we affirm the judgment as to the counterclaim.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ„ concur.