The plaintiff, Jerry A. Tomlinson, appeals from a summary judgment for the defendant, G.E. Capital Dealer Distributor Finance, Inc. ("G.E. Capital"), in an action alleging fraud and breach of warranty in connection with a lease and maintenance agreement under which Tomlinson leased computer equipment from G.E. Capital. The issue is whether Tomlinson presented substantial evidence to establish an agency relationship between G.E. Capital and CADO Systems of Central Alabama, Inc., the company that negotiated and signed the lease and maintenance agreement.
In October 1987, Tomlinson negotiated and entered into a lease and maintenance agreement with CADO Systems of Central Alabama, Inc., under which CADO agreed to furnish and maintain sundry items of computer equipment. By its own terms, the agreement, which identified CADO as vendor and Tomlinson as lessee, was not binding until approved by G.E. Capital, the lessor.[1] In December 1987, G.E. Capital approved the lease.
Tomlinson became dissatisfied with the computer equipment, and, after notifying CADO of the problems he was experiencing with the equipment, he stopped making lease payments to G.E. Capital. On August 20, 1990, Tomlinson filed this action against CADO and G.E. Capital, alleging fraud and breach of implied warranty. Tomlinson's claims against G.E. Capital are based on the doctrine of respondeat superior. G.E. Capital counterclaimed against Tomlinson for the balance due under the lease arrangement.
After granting a motion by G.E. Capital to strike Tomlinson's affidavit and exhibits, the circuit court granted G.E. Capital's motion for a summary judgment against Tomlinson's claims and for G.E. Capital on its counterclaim. On April 17, 1992, this Court affirmed the summary judgment entered in favor of *Page 567 
G.E. Capital. On application for rehearing, however, the Court affirmed the summary judgment on the counterclaim, but reversed the summary judgment in favor of G.E. Capital on Tomlinson's claims, holding that the circuit court abused its discretion in striking Tomlinson's affidavit and exhibits. Tomlinson v. G.E.Capital Dealer Distribution Finance, Inc., 601 So.2d 905
(Ala. 1992). On remand, the circuit court again entered a summary judgment for G.E. Capital on Tomlinson's claims of breach of warranty and fraud.[2]
The test for determining the existence of an agency relationship under the doctrine of respondeat superior is whether the alleged principal reserved a right of control over the manner of the alleged agent's performance. Wood v. ShellOil Co., 495 So.2d 1034 (Ala. 1986); Williams v. Tennessee RiverPulp Paper Co., 442 So.2d 20 (Ala. 1983). Just as the retention, under a contract, of a right to supervise an alleged agent to determine whether that person's performance conforms to the requirements of the contract does not conclusively establish control, Wood, 495 So.2d at 1036; Williams,442 So.2d at 21, terms of a contract disavowing any agency relationship between the parties to a contract will not conclusively establish the absence of control.
The lease and maintenance contract signed by Tomlinson contained the following provision:
 "VENDOR NOT AGENT. LESSEE UNDERSTANDS AND AGREES THAT NEITHER VENDOR [NOR] MANUFACTURER NOR ANY SALES PERSON OR OTHER AGENT OR VENDOR OR MANUFACTURER IS AN AGENT OF LESSOR. NO SALES PERSONS OR AGENT OR VENDOR OR MANUFACTURER IS AUTHORIZED TO WAIVE OR ALTER ANY TERM OR CONDITION OF THIS LEASE, AND NO REPRESENTATION AS TO EQUIPMENT OR ANY OTHER MATTER BY VENDOR OR MANUFACTURER WILL IN ANY WAY AFFECT LESSEE'S DUTY TO MAKE THE PAYMENTS AND PERFORM ITS OBLIGATIONS AS SET FORTH IN THIS LEASE."
Although it is evidence of the lack of an agency relationship between CADO and G.E. Capital, the language of this provision is not conclusive and will not preclude the finding of agency if there is independent evidence of a retained right of control. See Wood v. Shell Oil Co., 495 So.2d 1034, 1037
(Ala. 1986).
After reviewing the record, we conclude that Tomlinson presented no independent, substantial evidence establishing a retained right of control. To establish an inference of control, Tomlinson points to the following evidence in the record: (1) a folder presented to him by a CADO employee, which was labelled "Contel Business System" (Contel being G.E. Capital's former name — see note 1); (2) correspondence he received from CADO, whose letterhead displayed "CADO" on the left side and "Contel" on the right; (3) invoices submitted to him with words "Contel CADO"; and (4) a processed check made out to CADO that was negotiated by G.E. Capital and a check made out to Contel that was negotiated by CADO. Although this evidence suggests that the operations of CADO and G.E. Capital were closely intertwined, it is not sufficient by itself to create an inference that G.E. Capital retained any right of control over CADO. We could just as easily conclude that CADO controlled G.E. Capital's business practices as conclude that G.E. Capital controlled CADO and should therefore be liable under the theory of respondeat superior.
Because Tomlinson presented no substantial evidence of an agency relationship between CADO and G.E. Capital, the summary judgment in favor of G.E. Capital is due to be affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, HOUSTON and INGRAM, JJ., concur.
[1] The lease agreement stated that the lease arrangement had to be approved by Contel Credit Corporation. "Contel Credit Corporation" is the former name of G.E. Capital. Contel Credit and G.E. Capital are the same entity.
[2] The trial court made the summary judgment for G.E. Capital final pursuant to Rule 54(b), Ala.R.Civ.P. Tomlinson's claims against CADO remain pending. *Page 568