RICHARD L. HOLMES, Retired Appellate Judge.
This case involves the award of attorney fees.
Jerry A Tomlinson leased some computer equipment. Under the terms of the lease that Tomlinson signed, he was to make monthly payments to Contel Credit Corporation. Contel Credit Corporation is the former name of G.E. Capital Dealer Distributor Finance, Inc. (G.E. Capital).
Tomlinson filed a multi-count complaint against G.E. Capital and another defendant, alleging fraud, misrepresentation, and breach of warranties. We would note that the other defendant remains a viable defendant. This appeal is before this court pursuant to Rule 54(b), AR.Civ.P.
G.E. Capital answered and filed a counterclaim, alleging that Tomlinson was in default on his obligations under the terms of the lease. In its counterclaim G.E. Capital alleged that $20,768.30 was due under the terms of the lease. It requested that the trial court enter a judgment in its favor on the counterclaim and award $20,768.30, plus interest, attorney fees, and costs.
Thereafter, G.E. Capital filed a motion for summary judgment on both the complaint and the counterclaim. The trial court entered an order, granting the motion for summary judgment in favor of G.E. Capital on both the complaint and the counterclaim. On the counterclaim the trial court awarded “$20,768.30 with interest as set out in the lease, together with attorney’s fees and court costs.” Tomlinson appealed.
Our supreme court originally affirmed the ease as to both the complaint and the counterclaim. However, on rehearing our supreme court reversed and remanded as to the complaint because the trial court had granted G.E. Capital’s motion to strike Tom- *140 linson’s affidavit and the attached exhibits. With regard to the counterclaim, our supreme court stated: “Tomlinson raises no issue with regard to G.E. Capital’s counterclaim; therefore, we affirm the judgment as to the counterclaim.” Tomlinson v. G.E. Capital Dealer Distribution Finance, Inc., 601 So.2d 905, 907 (Ala.1992).
On remand, the trial court considered Tomlinson’s affidavit and the attached exhibits and entered an order granting a motion for summary judgment in favor of G.E. Capital on the complaint. In its order the trial court also stated:
“The Supreme Court of Alabama has affirmed this court’s final judgment as to G.E. Capital’s counterclaim. Therefore, it is
“ORDERED, ADJUDGED and DECREED by this court that G.E. Capital’s counterclaim in the amount of $20,768.30, with interest, attorney’s fees, and court costs, as provided for in the lease agreement, are rendered against [Tomlinson]; G.E. Capital is hereby entitled to proceed on that judgment.”
Tomlinson appealed the trial court’s order which granted the motion for summary judgment in favor of G.E. Capital. Our supreme court affirmed the trial court’s determination in Tomlinson v. G.E. Capital Dealer Distributor Finance, Inc., 624 So.2d 565 (Ala.1993).
Thereafter, G.E. Capital filed a motion for an award of attorney fees and costs, along with a memorandum of law in support of its motion and the affidavit of its attorney. G.E. Capital requested that the trial court award $48,113.97 as attorney fees and costs in this case.
The trial court issued an order, wherein it awarded $48,113.97 to G.E. Capital for attorney fees and costs. In its order the trial court stated the following:
“Based on a review of the record as a whole, this court finds and holds that considering the issues involved, the protracted nature of this litigation, and the degree of success achieved, the attorney’s fees and costs of $48,113.97 incurred by G.E. Capital were reasonable and necessary.”
Tomlinson appeals. This ease is before this court pursuant to Ala.Code 1975, § 12-2-7(6). For the reasons set out below, we reverse and remand.
The dispositive issue is whether the trial court committed reversible error when it awarded $48,113.97 in attorney fees and costs in the present case.
It is well settled in Alabama that attorney fees can be awarded only if authorized by statute, provided for in a contract, or by special equity. Lanier v. Moore-Handley, Inc., 575 So.2d 83 (Ala.1991).
In the present case G.E. Capital contends that it is entitled to attorney fees and costs under the terms of the lease and that the trial court was within its discretion in awarding the attorney fees. Tomlinson contends that this case involves the defense of fraud and misrepresentation, which is a tort action, and that the lease does not authorize the award of attorney fees for litigation extrinsic to the contract.
We would note that paragraph 17 of the terms and conditions of the lease states the following:
“[Tomlinson] agrees to pay to [G.E. Capital] all costs and expenses incurred by [G.E. Capital], including reasonable attorney’s fees, as damages and not costs (whether incurred by suit, negotiation or otherwise, and regardless of forum), in enforcing any of the terms, conditions, or provisions of this lease, including but not limited to any arbitration, bankruptcy proceeding, civil action, mediation, counterclaim, action to seek relief from stay in bankruptcy, or post-judgment action or appeal regarding any of the foregoing. Reasonable attorney’s fees are stipulated and liquidated at not less than fifteen percent (15%) of [G.E. Capital’s] total amount in collection.”
(Emphasis added.)
As noted above, the trial court found in favor of G.E. Capital on its counterclaim and awarded “$20,768.30 with interest as set out in the lease, together with attorney’s fees and court costs.” There is no question that G.E. Capital is entitled to attorney fees under its counterclaim, which was filed to re *141 cover the monies due' under the terms of the lease. However, the question which this court must answer is whether G.E. Capital is entitled to attorney fees and costs in the amount of $48,113.97, which clearly includes attorney fees and costs necessary for its defense under the original complaint.
In his complaint Tomlinson alleged fraud and misrepresentation on the part of G.E. Capital. This court must determine whether defending the lawsuit filed by Tomlinson could be considered to be a part of “enforcing any of the terms, conditions, or provisions of this lease.”
Fraud is a tort and, thus, an action ex delicto. Geohagan v. General Motors Corp., 291 Ala. 167, 279 So.2d 436 (1973). “Ex delicto” is defined in Black’s Law Dictionary (6th ed. 1990) as follows:
“From a delict, tort, fault, crime or malfeasance. In both the civil and the common law, obligations and causes of action are divided into classes — those arising ex contractu (out of a contract), and those ex delicto. The latter are such as grow out of or are founded upon a wrong or tort.”
In light of the fact that the defense of a tort cannot be a part of the “enforc[ement of] any of the terms, conditions, or provisions of this lease,” the trial court erred when it awarded $48,113.97 in attorney fees and costs.
Consequently, we reverse the judgment and remand the case to the trial court for a determination of which attorney fees and costs relate to the counterclaim.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.