648 So.2d 305 (1995)
BAY FINANCIAL SAVINGS BANK, F.S.B., f/k/A Bay Federal Savings Bank, Appellant,
v.
Donald E. HOOK, Appellee.
No. 94-00251.
District Court of Appeal of Florida, Second District.
January 6, 1995.
*306 Leslie M. Conklin of Conklin, Stanley & Probst, P.A., Clearwater, for appellant.
Marlow V. White, Tallahassee, for appellee.
FRANK, Chief Judge.
Bay Financial Savings Bank (the Bank) obtained a final default judgment in Orange County, Florida, against Donald Hook and others who were guarantors of a mortgage which the Bank had foreclosed. Hook moved the Orange County Circuit Court to set aside the default judgment, to amend it, or to reduce it, contending that the Bank's receipt of monies from collateral sources reduced its deficiency claim. After the trial court denied his postjudgment motions, Hook filed a complaint in the Hillsborough County Circuit Court, asking it to void the default or to reduce the amount awarded and to strike the final judgment from the Orange County public records. The Bank, in an attack upon Hooks's complaint, asserted that Hook had exhausted his remedies in Orange County and that the doctrine of res judicata precluded relitigating the claims in Hillsborough County. Thereafter, Hook voluntarily dismissed his complaint with prejudice and the Bank sought an award of attorney's fees in accordance with sections 57.105 and 57.115, Florida Statutes (1993).[1] The trial court denied the Bank's motion.
*307 From our review of the complaint and the applicable law, we have concluded that Hook could not claim a justiciable issue of law or fact to defeat the Bank's entitlement to an attorney's fee pursuant to section 57.105. Normally section 57.105 fees will not be awarded unless the pleading reveals "a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous ... and so clearly devoid of merit both on the facts and the law as to be completely untenable." Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla. 1987) (quoting Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501 (Fla. 1982)). The present lawsuit is one of those uncommon actions which could not survive under any known circumstance; it was "completely untenable." Therefore the trial court abused its discretion in denying the Bank's motion for attorney's fees.
It is beyond peradventure that when a matter has been decided by a court of competent jurisdiction, neither party may challenge the outcome through a renewal of the litigation. See Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952). Florida law recognizes that a default judgment, like a final adjudication on the merits, can have a preclusive effect upon subsequent litigation. AGB Oil Co. v. Crystal Exploration and Production Co., 406 So.2d 1165 (Fla. 3d DCA 1981), rev. denied, 413 So.2d 875 (Fla. 1982). Principles of res judicata also apply to matters raised in postjudgment motions as well as to theories of recovery and defenses that could have been presented in the prior litigation. AGB Oil; Blattman v. Williams Island Associates, Ltd., 592 So.2d 269 (Fla. 3d DCA 1991); Malicoat v. LaChappelle, 390 So.2d 481 (Fla. 4th DCA 1980).
Hook, relying upon the same setoff issues that he urged in his unsuccessful motion to set the Orange County default aside, alleged that the Bank perpetrated a fraud upon the court by not disclosing the monies it received from collateral sources. Those allegations represent nothing more than an effort to relitigate issues decided adversely to Hook in the Orange County action or that could have been litigated in that forum had Hook defended prior to entry of the default. We find persuasive the fact that after the Bank raised the defense of res judicata in its motion to dismiss, Hook voluntarily dismissed the lawsuit. A voluntary dismissal, although not itself a concession of inability to present a colorable claim, does not necessarily avert an award of attorney's fees. See Fierer v. 18th Avenue Development Corp., 417 So.2d 1005 (Fla. 3d DCA 1982), rev. denied, 429 So.2d 5 (Fla. 1983); see also, Solimando v. Aloha Medical Center, 566 So.2d 580 (Fla. 2d DCA 1990); Executive Centers of America, Inc. v. Durability Seating & Interiors, Inc., 402 So.2d 24 (Fla. 3d DCA 1981). In our view, the filing of a lawsuit that is nonjusticiable on its face offers an appropriate setting for the fulfillment of section 57.105's purpose to deter misuse of the judicial system. See, e.g., Interstate Pipe Maintenance, Inc. v. FMC Corp., 775 F.2d 1495 (11th Cir.1985) (award of section 57.105 fees was proper in circumstance where plaintiff conceded that its claim could have been litigated in prior suit and attempted voluntarily to dismiss its case when defendant raised res judicata defense).
Accordingly, we reverse and remand with directions to enter an order finding that the complaint fails to raise a justiciable issue of law or fact and awarding the Bank a reasonable fee to be determined within the principles enunciated in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), modified on other grounds by Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).
PARKER and QUINCE, JJ., concur.
NOTES
[1] The full text of section 57.105(1), Florida Statute, reads:

The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he has acted in good faith, based on the representations of his client. If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest.