MOORE, Judge.
Ocean Reef Developers II, LLC (“Ocean Reef’), the defendant in an action pending in the Etowah Circuit Court (“the Alabama trial court”), petitions for a writ of mandamus directing the Alabama trial court to set aside its order denying Ocean Reefs motion to dismiss and to enter an order dismissing Michael Maddox’s complaint against Ocean Reef. For the reasons discussed below, we grant the petition.

Facts and Procedural History

On March 28, 2005, Maddox, an Alabama resident, entered into an agreement with Ocean Reef regarding the construction and purchase of a condominium in Panama City, Florida. The terms of the purchase agreement called for Maddox to make a deposit into escrow of $104,250. The purchase agreement further provided that the deposit would be fully refunded if Ocean Reef failed to perform on any of its contractual obligations. In the event of a dispute, the purchase agreement stated that “the prevailing party shall be entitled to receive its costs of enforcement, including reasonable attorney fees.”
In order to satisfy his deposit obligation, on April 13, 2005, Maddox procured a letter of credit from Exchange Bank of Alabama in favor of Bay County Land & Abstract, Ocean Reefs escrow agent, for $104,250. In March 2008, the parties be *903 came embroiled in a controversy as to whether Ocean Reef had fulfilled its contractual obligations to complete the construction of Maddox’s condominium within the time specified in the purchase agreement and to notify Maddox of the closing of the transaction as required by the terms of the purchase agreement. Maddox, through correspondence from David Owen, his Alabama attorney, informed Ocean Reef that he considered Ocean Reef to be in default and requested the return or cancellation of the letter of credit. Ocean Reef apparently disputed that it had failed to perform any of its contractual obligations, and it did not return or cancel the letter of credit.
On April 16, 2008, Maddox, through Brian Hess, his Florida attorney, filed a complaint in the Fourteenth Judicial Circuit of Florida, in and for Bay County, against Ocean Reef (“the Florida action”). In that complaint, Maddox sought a judgment declaring that Ocean Reef had breached the purchase agreement; he also sought to terminate the purchase agreement, a refund of his deposit, a cancellation and return of the letter of credit, and an award of attorney fees and costs. On April 29, 2008, while the Florida action was pending, Maddox, through Owen, filed a complaint in the Alabama trial court (“the Alabama action”) naming as defendants Exchange Bank, Bay County Land & Abstract, and Ocean Reef. In his complaint filed in the Alabama action, Maddox asserted that, on April 22, 2008, Bay County Land & Abstract had presented to Exchange Bank a letter and a sight draft demanding payment on the letter of credit. Maddox asserted, among other things, that the demand for payment should not be honored because, he said, “[Ocean Reef] has defaulted [on the purchase agreement] leaving no money due [Ocean Reef]”; Maddox sought an immediate injunction or a temporary restraining order to protect his rights under the letter of credit, a permanent injunction to prohibit Exchange Bank from honoring any request for payment under the letter of credit, and an award of attorney fees and costs. In the complaint filed in the Alabama action, Maddox acknowledged that he recently had filed the Florida action and that, in the Florida action, he also was seeking the cancellation of the letter of credit. On April 80, 2008, the Alabama trial court entered an order enjoining Exchange Bank from honoring the letter of credit, instructing Exchange Bank to hold the funds at issue, and scheduling the matter for a hearing.
On December 11, 2008, the Florida circuit court entered a judgment finding that Ocean Reef had breached the purchase agreement and that, as a result of that breach, Maddox was entitled to an immediate refund of all deposits he had paid, plus accrued interest, and to a return of the letter of credit.[1] The Florida circuit court also stated that “this court shall retain jurisdiction of the subject matter and the parties for all purposes, including the award of attorney fees and costs.” On January 26, 2009, the Alabama trial court placed the Alabama action on the court’s administrative docket “until further notice.”
On December 23, 2008, Maddox moved the Florida circuit court for an award of attorney fees and costs. In his motion, Maddox claimed attorney’s fees incurred by Hess relating to the Florida action, but he did not claim any attorney’s fees incurred by Owen relating to the Alabama action. On March 4, 2009, the Florida *904 circuit court entered a judgment awarding Maddox $34,793.26 in attorney’s fees and costs.
On January 26, 2010, Maddox filed an amended complaint in the Alabama action. In his amended complaint, Maddox stated that he had recovered attorney’s fees in the Florida action but that the judgment did not include fees paid to Owen and his law firm “for its work to enjoin [Ocean Reefs] wrongful draw on the letter of credit and to advise and assist in the Florida case.” The amended complaint also stated:
“16. Because [Maddox] has prevailed in the Florida [action], it has now been finally determined that [Ocean Reef] had no right to maintain possession of [Maddox]’s letter of credit and had no right to attempt to draw on this letter of credit in April 2008. Pursuant to Section 5(d) of the [purchase agreement] and Alabama law, as prevailing party, [Maddox] is entitled to all attorneys fees incurred in preventing [Ocean Reefs] wrongful attempt to draw and in pursuing the return or cancellation of his letter of credit.”
Based on the above allegations, Maddox sought an award of $19,605.37, “plus interest and costs, plus any additional attorney fees incurred in the pursuit of th[e Alabama] action.”
Ocean Reef moved to dismiss the amended complaint filed by Maddox in the things, that Maddox’s request for attorney fees and costs was barred by the doctrine of res judicata. After a hearing, the Alabama trial court denied Ocean Reefs motion to dismiss. After the Alabama trial court denied Ocean Reefs “motion to reconsider,” Ocean Reef petitioned this court for mandamus relief. On August 26, 2011, this court ordered the trial court to stay its proceedings pending resolution of the petition for a writ of mandamus.

Analysis

Before proceeding to a discussion of the merits, we must first address Maddox’s contention that we cannot consider the petition for a writ of mandamus. Maddox argues that the denial of a motion to dismiss or a motion for a summary judgment generally is not reviewable by a petition for writ of mandamus, citing Ex parte Liberty National Life Insurance Co., 825 So.2d 758 (Ala.2002). As explained in that case, the denial of a motion to dismiss generally is not reviewable by way of a petition for a writ of mandamus because any error in denying a motion to dismiss ordinarily can be adequately remedied by appeal. 825 So.2d at 761-62. In Ex parte Southland Bank, 514 So.2d 954, 955 (Ala.1987), our supreme court held that a petition for a writ of mandamus could not be used to review an order denying a motion to dismiss that was based on the doctrine of res judicata because the movant could obtain adequate relief by way of appeal. See also Ex parte Stone, 502 So.2d 683, 686 (Ala.1986) (denying a petition for a writ of mandamus to review order denying motion to dismiss on grounds that issue in complaint had already been adjudicated and did not present justiciable controversy). However, subsequent cases from our supreme court have reviewed orders denying a motion to dismiss based on the doctrine of res judicata through a petition for writ of mandamus. See Ex parte Jefferson County, 656 So.2d 382 (Ala.1995); and Ex parte Sears, Roebuck & Co., 895 So.2d 265 (Ala.2004). When it last addressed the subject, our supreme court declared that “a petition for a writ of mandamus is an appropriate method by which to seek this Court’s review of the denial of a motion to dismiss predicated on the doctrine of res judicata.” Ex parte LCS Inc., 12 So.3d 55, 56 (Ala.2008).
*905 This court is bound by the decisions of our supreme court, and, in case of any doubt as to which decision to follow, the latest pronouncement controls. Atlantic Am. Life Ins. Co. v. Hamilton, 48 Ala.App. 169, 171, 263 So.2d 146, 148 (Civ.App.1972). Moreover, we note that our supreme court has consistently recognized certain narrow exceptions to the general prohibition against reviewing the denial of a motion to dismiss by way of-a petition for a writ of mandamus. See Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d at 761. The supreme court also has considered petitions for a writ of mandamus to review orders denying motions to dismiss based on the compulsory-counterclaim rule, see Ex parte Cincinnati Ins. Co., 806 So.2d 376 (Ala.2001), and on Ala.Code 1975, § 6-5-440, the abatement statute, see Ex parte J.E. Estes Wood Co., 42 So.3d 104 (Ala.2010), both of which are intended to avoid multiplicity of litigation. Similarly, the doctrine of res judicata is designed to avoid repetitive litigation between the same parties. See Williams v. Moore, 36 So.3d 533, 541 (Ala.Civ.App.2008) (citing Whisman v. Alabama Power Co., 512 So.2d 78, 81 (Ala.1987)). One benefit of the doctrine of res judicata is that it prevents a defendant from being subject to repeated litigation over the same subject matter. Id. That benefit would, in large part, be lost if the defendant could seek review of an order denying a motion to dismiss based on the doctrine only by way of an appeal after the entry of a final judgment. If such a motion has been erroneously denied, an appeal would not be an adequate remedy because, by the time the defendant could appeal, the defendant would have already incurred the time and expense of litigation, which are specifically intended to be avoided by application of the doctrine. Hence, we reject Maddox’s argument that this court cannot review an order denying a motion to dismiss based on the doctrine of res judicata by way of a petition for a writ of mandamus.
Maddox also presents the issue
“[w]hether mandamus review of the trial court’s denial of a motion to dismiss based upon the doctrine of res judicata . is appropriate where there is a pending motion for [a] summary judgment in the trial court and where the motion to dismiss was filed by a defendant that has shown a propensity to delay proceedings.”
As to the first point, the materials submitted to this court indicate that Ocean Reef filed its petition for a writ of mandamus on July 7, 2011. At that time, Maddox had not filed a motion for a summary judgment in the Alabama action, so a motion for a summary judgment was not then pending before the Aabama trial court. Moreover, we know of no procedural rule or caselaw, and Maddox has not cited any, that prevents a party from filing a petition for a ■writ of mandamus relating to a ruling on a motion to dismiss solely because the opposing party has filed an offensive motion for a summary judgment on the merits.
As to the second point, we note that our appellate rules of procedure require that a petition for a writ of mandamus be filed “within a reasonable time.” Rule 21(a)(3), Ala. RApp. P. Maddox does not argue that Ocean Reef, which filed its petition 41 days after the Alabama trial court entered the order denying Ocean Reefs motion to dismiss, filed the petition outside a reasonable time, which is the only delay that will result in the dismissal of a petition for a writ of mandamus. Furthermore, to the extent that Maddox implies that Ocean Reef may be abusing the litigation process by filing the petition for a writ of mandamus, see Ex parte Spears, 621 So.2d 1255, 1261 (Ala.1993) (Maddox, J., dissenting) (noting that *906 the supreme court should guard against criminal defendants filing frivolous petitions for a writ of mandamus based on the Double Jeopardy Clause in order to delay trials), we reject that contention. Upon preliminary review of this matter, this court, on August 26, 2011, granted a motion to stay the Alabama trial court’s proceedings because the petition appeared to have substantial merit. After reviewing all the materials submitted by the parties, and after thoroughly considering the arguments advanced on both sides, this court, for the reasons stated below, remains convinced that it acted correctly and that Ocean Reef did not file the petition for a writ of mandamus solely for dilatory purposes.
Turning to the substance of the petition, we note that the general elements of the doctrine of res judicata are:
“(1) a prior judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) substantially the same parties involved in the prior case are involved in the current case; and (4) the same cause of action presented in both suits.”
Ex parte Jefferson County, 656 So.2d at 384-85. The parties do not dispute that Maddox obtained a judgment on the merits of Maddox’s claim for attorney’s fees by a court of competent jurisdiction in a prior action involving the same parties. They differ, however, as to whether the fourth element of the doctrine has been established. Maddox maintains that, in the Alabama action, he is seeking different attorney’s fees from those awarded in the Florida action and that those fees arose solely from Ocean Reefs “fraudulent” attempt to draw on the letter of credit, a wrong separate from its breach of the delivery and notice deadlines that were at issue in the Florida action. Ocean Reef, on the other hand, maintains that Maddox, having prevailed in the Florida action on his claim that Ocean Reef breached the purchase agreement, was entitled to recover all attorney’s fees associated with the enforcement of the purchase agreement, including the attorney’s fees incurred to prevent Ocean Reef from drawing on the letter of credit.
As Ocean Reef correctly points out, in his amended complaint, Maddox premised his right to attorney’s fees in the Alabama action solely on the purchase agreement between the parties. That provision states, in full:
“(D) Costs and Attorney’s Fees. In the event of a dispute under this agreement, the prevailing party shall be entitled to recover its costs of enforcement, including reasonable attorney’s fees.”
The plain language of the provision states that a party to the agreement can recover attorney’s fees from the other party only if the those fees were incurred in order to enforce the terms of the agreement. Hence, despite his strenuous argument to the contrary, Maddox cannot escape the fact that his claim for attorney’s fees in the Alabama action, regardless of how characterized, stems from the underlying breach of the purchase agreement by Ocean Reef. Otherwise, he would have no claim for attorney’s fees at all. See Romar Dev. Co. v. Gulf View Mgmt. Corp., 644 So.2d 462 (Ala.1994) (holding that, in the absence of a contractual provision, party was not entitled to attorney’s fees in action seeking declaratory and injunctive relief).
In the Florida action, Maddox recovered attorney’s fees upon prevailing on his theory that Ocean Reef had violated the notice and delivery deadlines contained in the purchase agreement. In the Alabama action, Maddox can recover attorney’s fees only by proving the same theory. Maddox has always claimed that the attempted draw on the letter of credit was “wrongful” or “fraudulent” solely because *907 Ocean Reef had violated the purchase agreement and thereby lost its right to payment.
“If a claim, which arises out of a single wrongful act or dispute, is brought to a final conclusion on the merits, then all other claims arising out of that same wrongful act or dispute are barred, even if those claims are based on different legal theories or seek a different form of damages, unless the evidence necessary to establish the elements of the alternative theories varies materially from the evidence necessary for a recovery in the first action.”
Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 638 (Ala.1998). Under the Vinson test, Maddox has presented the same cause of action in the Alabama action as he presented in the Florida action. He is merely seeking additional, not different, relief in the Alabama action.
Under Alabama law, once a party has obtained a valid judgment on the merits of a claim, that claim is merged into the final judgment and the party is “ ‘prevented from relitigating any matter that could have been litigated in the prior action, regardless of whether the matter was actually presented.’ ” Owen v. Miller, 414 So.2d 889, 890 (Ala.1981) (quoting “Issue Preclusion in Alabama,” 32 Ala. L.Rev. 500, 503-04 (1981)). “Res judicata, therefore, bars a party from asserting in a subsequent action a claim that it has already had an opportunity to litigate in a previous action.” Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So.2d 507, 517 (Ala.2002). Maddox does not, and cannot, dispute that he had an opportunity to present his entire claim for attorney’s fees in the Florida action. Having failed to do so, he is now barred by the doctrine of res judicata from pursuing that claim in the Alabama action.
“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).’
“Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003).”
Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 663 (Ala.2009). Because Ocean Reef has shown a clear legal right to the dismissal of the amended complaint seeking attorney’s fees from Ocean Reef on the basis of the doctrine of res judicata, and because it has demonstrated the other elements necessary for the issuance of a writ of mandamus, we grant Ocean Reefs petition and direct the Alabama trial court to enter an order dismissing Maddox’s complaint against Ocean Reef.
PETITION GRANTED; WRIT ISSUED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. Ocean Reef appealed that judgment to the Florida District Court of Appeals; that court affirmed the judgment entered in favor of Maddox on June 24, 2009. See Ocean Reef Developers II, LLC v. Maddox, 11 So.3d 359 (Fla.Dist.Ct.App.2009) (table).