MOORE, Judge.
Ocean Reef Developers II, LLC, appeals from the denial of its motion for an award *871 of attorney fees by the Etowah Circuit Court (“the Alabama trial court”). We affirm.

Background

This is the second time the parties have been before this court. See Ex parte Ocean Reef Developers II, LLC, 84 So.3d 900 (Ala.Civ.App.2011). The pertinent underlying facts and procedural history are as follows. Ocean Reef and Michael Maddox entered into an agreement pursuant to which Maddox agreed to purchase and Ocean Reef agreed to construct a condominium in Panama City, Florida (“the purchase agreement”). The terms of that purchase agreement required Maddox to deposit a specified sum into escrow; to satisfy his requirements under the purchase agreement, Maddox obtained a letter of credit from Exchange Bank of Alabama in favor of Ocean Reefs escrow agent. The purchase agreement provided that the escrow deposit would be fully refunded if Ocean Reef failed to perform any of its contractual obligations.
A dispute subsequently arose regarding whether Ocean Reef had fulfilled its contractual obligations under the purchase agreement. Maddox notified Ocean Reef that he considered Ocean Reef to be in default, and he requested the return of his letter of credit. Ocean Reef disputed Maddox’s allegations, and it refused to return the letter of credit.
Maddox filed suit against Ocean Reef in a Florida circuit court (“the Florida action”), seeking a judgment declaring that Ocean Reef had breached the purchase agreement; he also sought to terminate the purchase agreement, a refund of his deposit, a cancellation of the letter of credit, and an award of attorney fees and costs. While the Florida action was pending, Maddox filed suit against Ocean Reef in the Alabama trial court (“the Alabama action”), asserting that, because Ocean Reef had defaulted under the purchase agreement, it was not entitled to draw against the letter of credit. Maddox sought a restraining order against Ocean Reef and its escrow agent preventing them from drawing against the letter of credit, a permanent injunction to prevent the issuer of the letter of credit from honoring any request for payment under the letter of credit, and an award of attorney fees and costs. Maddox was represented by different counsel in the Florida action and the Alabama action.
On December 11, 2008, the Florida circuit court entered a judgment in favor of Maddox, finding that Ocean Reef had breached the purchase agreement and that, as a result, Maddox was entitled to a refund of all deposits he had paid, plus interest, and a return of the letter of credit. The judgment entered by the Florida circuit court also stated that “this court shall retain jurisdiction of this subject matter and the parties for all purposes, including the award of attorney fees and costs.”
After that judgment was affirmed on appeal, Maddox moved the Florida circuit court for an award of attorney fees and costs, relying on section 5(D) of the purchase agreement, which provided: “In the event of a dispute under this Agreement, the prevailing party shall be entitled to receive its costs of enforcement, including reasonable attorney fees.” In that motion, Maddox did not include a request for any attorney fees related to the Alabama action. On March 4, 2009, the Florida circuit court entered a judgment awarding Maddox attorney fees and costs.
In January 2010, Maddox filed an amended complaint in the Alabama action, seeking to recover the attorney fees that he had paid to his Alabama legal counsel “for its work to enjoin [Ocean Reefs] wrongful draw on the letter of credit and to advise and assist in the Florida case.” *872 Maddox again relied on section 5(D) of the purchase agreement, allowing a prevailing party to recover attorney fees, as support for his motion.
Ocean Reef moved to dismiss the amended complaint filed by Maddox in the Alabama action, asserting, among other things, that Maddox’s request for attorney fees and costs in the Alabama action was barred by the doctrine of res judicata. The Alabama trial court denied that motion; it also denied Ocean Reefs subsequently filed “motion to reconsider.” In July 2011, Ocean Reef petitioned this court for mandamus relief, and, on November 4, 2011, this court granted that petition. Ex parte Ocean Reef, 84 So.3d at 907.
In granting Ocean Reefs mandamus petition, this court concluded that, in the Florida action, Maddox had had an opportunity to present his claim for all attorney fees related to his dispute with Ocean Reef, including attorney fees incurred in the Alabama action, and that he had failed to present that claim to the Florida circuit court. Ex parte Ocean Reef, 84 So.3d at 907. This court stated: “Having failed to [present a claim in the Florida action for attorney fees incurred in the Alabama action], he is now barred by the doctrine of res judicata from pursuing that claim in the Alabama action.” 84 So.3d at 907. We, therefore, directed the Alabama trial court to enter an order dismissing Maddox’s amended complaint against Ocean Reef.
On November 23, 2011, Ocean Reef moved the Alabama trial court for an award of attorney fees, asserting that it was the prevailing party in the Alabama action and that, pursuant to section 5(D) of the purchase agreement, it was entitled to an award of attorney fees. On November 28, 2011, the Alabama trial court entered an order dismissing Maddox’s action against Ocean Reef, and, on December 6, 2011, the Alabama trial court denied Ocean Reefs motion for attorney fees. The Alabama trial court stated, in pertinent part:
“[Ocean Reef] may not have its cake and eat it too. It may not seek dismissal of the action of [Maddox] on the basis that the Purchase Agreement issues have already been litigated and thus the matter is res judicata, and then seek to receive attorney’s fees itself under the terms of the same agreement. The point is made even more profound when considering [Maddox] prevailed in the previous litigation.”
On December 20, 2011, the Alabama trial court denied Ocean Reefs motion to alter, amend, or vacate the December 6, 2011, order. Ocean Reef timely appealed.

Analysis

“Under the American rule, the parties to a lawsuit bear the responsibility of paying their own attorney fees. However, the law recognizes certain exceptions to this rule, and attorney fees are recoverable when authorized by statute, when provided by contract, or when justified by special equity.” Ex parte Horn, 718 So.2d 694, 702 (Ala.1998). Ocean Reef asserts that it is entitled to an award of attorney fees pursuant to contract, i.e., section 5(D) of the purchase agreement.
Our supreme court has recognized that, on appellate review of an attorney’s fee awarded pursuant to a contract, we review de novo a trial court’s decision to enforce or its refusal to enforce an unambiguous contract provision, and we review the trial court’s findings of fact on that issue for an abuse of discretion. See, e.g., Classroomdirect.com, LLC v. Draphix, LLC, 992 So.2d 692, 710 (Ala.2008). That is because,
“[i]n Alabama, when the terms of a contract are unambiguous, the contract’s *873 construction and legal effect become a question of law for the court, and when appropriate may be decided by summary judgment. Jehle-Slauson Constr. Co. v. Hood-Rich, Architects and Consulting Engineers, 435 So.2d 716, 720 (Ala.1983) (citations omitted). However, when the terms of a contract are ambiguous in any respect, the determination of the true meaning of the contract is a question of fact for the [fact-fínder]. Hall v. Integon Life Ins. Co., 454 So.2d 1338 (Ala.1984). Whether a contract is ambiguous is a question of law for the court. Hartford [Accident & Indemn. Co. v. Morgan Cnty. Ass’n of Volunteer Firefighters, 454 So.2d 960 (Ala.1984) ].”
Colonial Bank of Alabama v. Coker, 482 So.2d 286, 291 (Ala.1985).
On appeal, Ocean Reef does not assert that section 5(D) is ambiguous, and we conclude that it is not. We, therefore, must determine if Ocean Reef established its entitlement to an award of attorney fees under the express language of section 5(D) of the purchase agreement. In order to recover attorney fees under that express language, Ocean Reef must have established (1) that the dispute, i.e., the Alabama action, arose under the purchase agreement, (2) that Ocean Reef was the prevailing party in the dispute, and (3) that the attorney fees Ocean Reef sought to recover were incurred as the “costs of enforcement.” We conclude that, even assuming that Ocean Reef established the first two factors, an issue we need not decide, it failed to establish the third factor, i.e., that the attorney fees it was seeking to recover were incurred to enforce the purchase agreement.
Although we find no Alabama cases directly addressing the issue as we have phrased it, we find Baumann v. Long Cove Club Owners Ass’n, 380 S.C. 131, 668 S.E.2d 420 (Ct.App.2008), persuasive. In Baumann, supra, members of a homeowners’ association filed a declaratory-judgment action seeking to compel the association to comply with its covenants. 380 S.C. at 136, 668 S.E.2d at 423. After a bench trial, the trial court dismissed the homeowners’ complaint with prejudice. Id. The homeowners filed a postjudgment motion, pursuant to Rule 59, Ala. R. Civ. P., and the association filed a motion for attorney fees; the trial court denied both motions. 380 S.C. at 136-37, 668 S.E.2d at 423. The association appealed the denial of its motion for attorney fees.
On appeal, the association asserted that it was entitled to an award of attorney fees by virtue of the following covenants:
“ ‘Section 1. Who May Enforce Generally. In the event of a violation or breach of any of the affirmative obligations or restrictions contained in this Declaration by any Property Owner or agent of such Property Owner, the Association or any other property owners or any of them jointly and severally shall have the right to proceed at law or in equity to compel a compliance with the terms hereof or to prevent the violation or breach in any event.
“ ‘Section 2. Enforcement. In addition to the foregoing, the Association or a Property Owner shall have the right to proceed at law or in equity to compel compliance to the terms hereof or to prevent the violation or breach in any event.
‘“In the event of any litigation, the prevailing party shall be entitled to recover its reasonable attorney’s fees and costs of such litigation. If the violation is not expeditiously terminated, the Association may engage legal counsel ... to enforce these covenants. Violators shall be obligated to reimburse the Association in full for all its direct and indirect costs, including but not limited *874 to legal fees incurred by the Association in maintaining compliance with these covenants.’ ”
380 S.C. at 135, 668 S.E.2d at 422-23 (emphasis omitted). The South Carolina Court of Appeals, however, concluded that the covenants allowed recovery of attorney fees only against “ ‘ “violators” of the covenants.’” 380 S.C. at 139, 668 S.E.2d at 425 (quoting Queen’s Grant II Horizontal Prof. Regime v. Greenwood Dev. Corp., 368 S.C. 342, 375, 628 S.E.2d 902, 920 (Ct.App.2006)). Because the association had not alleged or shown that the homeowners were in violation of any covenants, the court concluded that the association had no contractual right to an award of attorney fees. Id. See also Willow Lake Residential Ass’n v. Juliano, 80 So.3d 226, 242 (Ala.Civ.App.2010) (recognizing that a homeowners’ association was entitled to recover, pursuant to contract, attorney fees incurred in prosecuting its counterclaim against a homeowner to enforce restrictive covenants; the association in Willow Lake, however, did not seek to recover those attorney fees it had incurred in defending against claims asserted against the association by the homeowner); Austin Apparel, Inc. v. Bank of Prattville, 872 So.2d 158, 166 (Ala.Civ.App.2003) (recognizing that a mortgagee may recover attorney fees incurred in the enforcement of the mortgage when the mortgage contract so states but recognizing that, in that case, the contract provision further authorized recovery of attorney fees “only in the event of, and from the proceeds derived from, a foreclosure of th[e] mortgage”); Tomlinson v. G.E. Capital Dealer Distributor Fin., Inc., 646 So.2d 139, 141 (Ala.Civ.App.1994) (recognizing that a lessor was not entitled to an award of attorney fees and costs for its defense of a lessee’s complaint sounding in tort because the defense of a tort could not be part of the “‘en-forc[ement of] any of the terms, conditions, or provisions of th[e] lease’ ” as required for an award of attorney fees and costs under the parties’ lease agreement); and Eubanks & Eubanks, Inc. v. Colonial Pac. Leasing, 757 So.2d 437, 442 (Ala.Civ.App.1999) (noting that the lease provision at issue in Tomlinson, supra, “provided for the recovery of fees incurred by the lessor in ‘enforcing’ the terms of that lease agreement, which can be read as encompassing only offensive claims”).
Like the association in Baumann, supra, Ocean Reef did not initiate the Alabama action and did not assert in that action that Maddox had violated any of the provisions of the purchase agreement. Additionally, as in Eubanks & Eubanks, supra, section 5(D) of the parties’ purchase agreement authorizes recovery of attorney fees incurred in the enforcement of that agreement; in the Alabama action, Ocean Reef never sought to enforce any aspect of that agreement. Black’s Law Dictionary defines “enforcement” to mean “[t]he act or process of compelling compliance with a law, mandate, command, decree, or agreement.” Black’s Law Dictionary 608 (9th ed. 2009). Because Ocean Reef asserted only that the Alabama action must be dismissed, we cannot conclude that it ever sought in that action to compel Maddox to comply with the terms of the purchase agreement, i.e., that it ever sought to enforce the purchase agreement, as required by the express language of section 5(D).
“A contract ‘ “ ‘must be given effect, if at all, according to its plain and inescapable meaning.’ ” ’ James A. Head & Co. v. Rolling, 265 Ala. 328, 338, 90 So.2d 828, 836 (1956) (quoting Oates v. Lee, 222 Ala. 506, 507, 133 So. 44, 45 (1931), quoting in turn Union Central Relief Ass’n v. Thomas, 213 Ala. 666, 667, 106 So. 133, 134 (1925)). Moreover, where the terms of a contract are ‘plain and unambiguous, there is no room for inter *875 pretation, and the parties thereto “may stand upon the letter” of the contract.’ Dunlap v. Macke, 233 Ala. 297, 300, 171 So. 721, 724 (1937).”
Home v. TGM Assocs., L.P., 56 So.3d 615, 622 (Ala.2010).
Ocean Reef construes section 5(D) as requiring only two factors: (1) that “the case must concern an ‘event or a dispute under this Agreement’ ” and (2) that “Ocean Reef [must] be the ‘prevailing party.’ ” The terms of section 5(D), however, are unambiguous, and that provision authorizes only the recovery of a prevailing party’s “costs of enforcement, including reasonable attorney fees.” (Emphasis added.) We must give effect to the unambiguous terms of the parties’ agreement.
Ocean Reef relies on Hilliard v. Brown, 103 Ala. 318, 15 So. 605 (1894), and Pritchard v. Fowler, 146 Ala. 187, 40 So. 955 (1906), in support of its argument; however, both of those cases involved an award of costs made pursuant to a statute rather than an award of attorney fees made pursuant to a contract. Ocean Reef further relies on Bay Financial Savings Bank, F.S.B. v. Hook, 648 So.2d 305 (Fla.Dist.Ct.App.1995), for the premise that the defense of res judicata “does not necessarily avert an award of attorney’s fees.” Id. at 307. Bay Financial, however, addresses a Florida statute that authorized an award of reasonable attorney fees “ ‘in any civil action in which the court finds that there was a complete absence of a justicia-ble issue of either law or fact raised by the complaint or defense of the losing party.’ ” Id. at 306 n. 1 (quoting Florida Stat. § 57.105(1) (1993)).[1] The current version of that statute, however, does not aid Ocean Reef in its claim for an award of attorney fees pursuant to section 5(D) of the purchase agreement. Additionally, because Ocean Reef asserts for the first time on appeal, and for the first time in its reply brief, that it is entitled to an award pursuant to § 57.105(1), that argument is not properly before this court. See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”). See also Kyser v. Harrison, 908 So.2d 914, 917 (Ala.2005) (“We note the ‘well-established principle of appellate review that we will not consider an issue not raised in an appellate’s initial brief, but raised only in its reply brief.’ ” (quoting Brown v. St. Vincent’s Hosp., 899 So.2d 227, 234 (Ala.2004))).
The terms of section 5(D) of the purchase agreement are plain and unambiguous when applied to the issue before this court, and it cannot be disputed that, in the Alabama action, the attorney fees Ocean Reef sought to recover were not incurred in enforcing the purchase agreement or any of Ocean Reefs rights thereunder. As a result, we conclude that Ocean Reef was not entitled to an award of attorney fees pursuant to the purchase agreement. The trial court’s judgment is affirmed, although our affirmance is prem *876 ised on a different basis than that relied on by the trial court. See Verchot v. General Motors Corp., 812 So.2d 296, 305 (Ala.2001) (“ ‘We can affirm a judgment on a basis not asserted to the trial court, and we can affirm a judgment if we disagree with the reasoning of the trial court in entering the judgment, as long as the judgment itself is proper.’ ” (quoting Progressive Specialty Ins. Co. v. Hammonds, 551 So.2d 333, 337 (Ala.1989))).
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. Florida Stat. § 57.105 has been amended since the decision in Bay Financial was issued. In its current form, § 57.105(1) provides, in pertinent part:
"[T]he court shall award a reasonable attorney’s fee ... at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
“(a) Was not supported by the material facts necessary to establish the claim or defense; or
“(b) Would not be supported by the application of then-existing law to those material facts.”